# CHARLES WEBB, Respondent, v. WILLIAM BYRD, Appellant.

**St. Louis Court of Appeals. Opinion Filed March 2, 1920.**

1. **MALICIOUS PROSECUTION**: Evidence: Want of Probable Cause: Question for the Jury. In an action for malicious prosecution evidence reviewed and *held* that the case was one for the jury, and that the jury might, with propriety, find that there was a want of probable cause. .

2. ————: Malice: Malice May Be Inferred from Fact of Want of Probable Cause: Not an Inference of Law. Where the jury finds that there was a lack of probable cause for the prosecution or proceeding instituted, then they are at liberty to infer malice therefrom, though showing want of probable cause did not establish malice as an inference in law; but from the want of probable cause malice may be inferred as a matter of fact.

3. ————: Advice of Counsel: When a Defense. The fact that defendant sought and acted upon the advice of counsel will not relieve him from liability unless it be found that he made a full, fair and truthful disclosure to his counsel' and acted in good faith upon the advice given him; but where he told counsel, after missing his pocketbook, that he saw plaintiff and had a conversation with him in which plaintiff first stated that he had defendant's pocketbook and afterwards denied it, and this was contradicted

by plaintiff who testified that he did not have any conversation with defendant at all etc., the case is one in which the jury could, with propriety, find that the defendant did not truthfully lay before his.counsel the facts within his knowledge touching the question of plaintiff's guilt.

4. ———: Instructions: Malice.  Malice consists in the intentional doing of a wrongful act without just cause or excuse.

5. ———: ———: Probable Cause:_ Instruction Not Requiring Finding of Malice Erroneous.  An instruction which tells the jury that if they find from the evidence that defendant wrongfully caused plainiff to be arrested, etc., then to find for plaintiff, without requiring the jury to find that defendant acted maliciously, is erroneous.

6. ———: ———: Instruction Omitting to Require Finding of Malice Prejudicial.  Where no actual malice appeared and there was evidence tending to rebut any inference of malice, viz., the evidence adduced by defendant in support of the allegations of his answer, tending to show that he made a full, fair and truthful disclosure to.counsel and acted in good faith upon the latter's advice, the giving of an instruction which permits a verdict·for plaintiff without requiring the jury to find malice on the part of defendant was prejudicial error.

7. INSTRUCTIONS: Malicious Prosecution: Advice of Counsel Rebuts Inference of Malice From Want of Probable Cause.  An instruction which permits the jury to infer malice from want of probable cause, if they find the latter, and upon such inference, to find a verdict for plaintiff, without reckoning at all with the evidence adduced by defendant tending to rebut or repel such inference of malice, held erroneous.

8. ———: ———: Error to Refuse Proper Instruction on Defense of Advice of Counsel.  An instruction was requested by defendant to the effect that before he made the affidavit and procured the warrant for the search of plaintiff, he consulted in good faith an attorney at law and communicated to such attorney in good faith all the facts within his knowledge or which he might have learned by reasonable diligence, bearing upon his right and liability in procuring such warrant, and that said consultation and communication was made by defendant in good faith with a view to the advice of counsel learned in the law, etc., which instruction the court refused to give, held that the instruction was a correct declaration of law applicable to defendant's answer and evidence, and while the word "truthful" is not therein used in referring to the disclosure by defendant to his counsel, the instruction requires a finding that defendant in good faith disclosed all the facts, etc., by which is necessarily meant a truthful disclosure

thereof, and the trial court committed prejudicial error in refusing the instruction as requested.

9. MALICIOUS PROSECUTION: Instructions: Defense of Advice of Counsel: Entitled to Pointed Instruction. In an action for malicious prosecution where defendant introduced evidence that he acted upon advice of counsel, etc., he was entitled to have the jury pointedly instructed that if they found the facts hypothesized in the instruction constituting such defense, then to return a verdict for defendant; for if defendant made such disclosure to counsel in good faith and in good faith acted upon advice of such counsel, this constituted a complete defense to the action, and defendant was entitled to a verdict at the hands of the jury acquitting him of liability.

10. ———: ———: Defense of Advice of Counsel Not Covered by Instructions Given. The error in refusing to give an instruction requested by defendant to the effect that the jury should find for defendant if they found he acted in good faith on advice of counsel after a full disclosure, etc., was not cured by an instruction for plaintiff which did not pointedly tell the jury the facts, etc., then to find a verdict for defendant, but referred to his defense as being a shield—suggesting the thought that defendant was ignominiously hiding behind the same to protect himself from the consequences of wrongdoing, and did not give defendant the full benefit of his defense.

Appeal from the Circuit Court of Cape Girardeau County.—*Hon. Frank Kelly,* Judge.

REVERSED AND REMANDED.

*A. M. Spradling* for appellant.

(1) The demurrer to the evidence should have been sustained. Tiede v. Fuhr, 264 Mo. 622, 633; Berger v. Langenberg, 97 Mo. 390, 395; McCaskey v. Garrett, 91 Mo. App. 354, 359. (2) The court erred in modifying defendant's instruction No. 1 by striking out the following therefrom "that the charge in the affidavit was false." Hill v. Palm, 38 Mo. 13, 23; Vansickle v. Brown, 68 Mo. 627, 636. (3) The court erred in refusing defendant's instruction No. 6. Sparling v. Conway, 75 Mo. 510, 512; Sharp v. Johnson, 76 Mo. 660, 663. (4) 1. The court did not properly define malice in plaintiff's in-

struction No. 3, and for that reason it should have been refused. State v. Weeden, 133 Mo. 70, 83; State v. Schoenwald, 31 Mo. 147, 157. 2. Malice and want of probable cause must concur in order to maintain an action for malicious prosecution. Stubbs v. Mulholland, 168 Mo. 47, 74; Sharp v. Johnson, 76 Mo. 660, 669. 3. The court in plaintiff's instruction No. 3 authorized a recovery if defendant wrongfully caused plaintiff to be arrested and held in custody while the constable searched him, and that such was done without probable cause. This instruction eliminates malice and authorized a recovery on want of probable cause alone, and this was error. Talbot v. Plaster Co., 86 Mo. App. 558, 563; Grant v. Reinhart, 33 Mo. App. 74, 82. 4. Wrongfully and maliciously are not synonymous, and it was error to substitute wrongfully for maliciously in plaintiff's instruction No. 3. Spivey v. McGehee, 21 Ala. 417; State v. Churchill, 15 Idaho, 645; Bouvier's Law Dictionary, 3501; 40 Cyc. 2874. 5. The parties to this suit had known each other for thirty-six years, and had been friends during all that time. There never had been any ill-feeling or misunderstanding between them, and there is nothing in the record in this case authorizing an instruction in which malice may be inferred, and it was error to give such an instruction. Grant v. Reinhart, 33 Mo. App. 74, 82; Talbott v. Plaster Co., 86 Mo. App. 558, 563. 6. A prosecution may be said to be malicious when actuated by hostile, angry, or vindictive motives, or is intentionally commenced or carried on with knowledge that it is without legal justification or foundation. Christian v. Hanna, 58 Mo. App. 37, 43; Callahan v. Kelso, 170 Mo. App. 338, 341. (5) Plaintiff's instruction No. 4 is erroneous. Proof of want of probable cause does not necessarily establish malice. Talbott v. Plaster Co., 86 Mo. App. 588, 564. (6) Each of plaintiff's instructions assumes that he was arrested. While the search warrant directed the constable to bring the body of plaintiff before him, such provision was not authorized by law to be inserted in the warrant, and the con-

stable testified that he did not arrest plaintiff. Sec. 5321, R. S. 1909; Boerger v. Langenberg, 97 Mo. App. 390, 396. (7) The defendant should have been permitted to state his feeling toward plaintiff. Vansickle v. Brown, 68 Mo. 627, 634. (8) The damages assessed against defendant are excessive, and the result of passion and prejudice. Ruth, v. Railroad, 98 Mo. App. 1, 19; Maguire v. Railroad, 103 Mo. App. 454, 459.

*David B. Hays* for respondent.

(1) The demurrer to the evidence was properly overruled. In passing upon a demurrer to the evidence, the evidence must be viewed 'in the light most favorable to plaintiff, giving him the benefit of any inference which may be fairly drawn therefrom. Yost v. Atlas Portland Cement Co., 191 Mo. App. 422, 432; Pfeifer v. Supreme Tribe of Ben Hur, 191 Mo. App. 38, 51; Stubbs v. Mulholland, 168 Mo. 47, 75. (2) The court did not err in modifying defendant's instruction No. 1 by striking out therefrom the following words: "that the charge in the affidavit was false." In action for malicious prosecution, the question is not whether plaintiff was guilty or innocent of the charge, but whether upon the facts the defendant had probable cause to believe him guilty. Cramer v. Harmon, 126 Mo. App. 54, 61; Lindsay v. Bates, 223 Mo. 294, 306; Moore v. Sauborin, 42 Mo. 490, 494; Stubbs v. Mulholland, 168 Mo. 47, 89. (3) The court properly refused defendant's instruction No. 6. A defendant, sued for malicious prosecution, cannot shield himself under the advice of counsel unless he communicated to the counsel all the facts bearing on the guilt or innocence of accused which he knew or by reasonable diligence could have ascertained; and if he neglected to ascertain and advise the counsel of all the facts which he could have ascertained by reasonable diligence, the advice of counsel is not a defense. Carp v. Queen Insurance Co., 203 Mo. 295, 356; March v. Vandiver, 181 Mo. App. 281, 286; Stubbs v. Mulholland, 186 Mo. 47,

76 and 84; Butcher v. Hoffman, 99 Mo. App. 239, 248; Powers v. Walker et al., 192 Mo. App. 230, 241. This instruction was unsupported by any evidence showing reasonable diligence or good faith on the part of defendant and it was also improper because it made a consultation with counsel a complete defense in itself. It withheld from the consideration of the jury the questions of malice and the probable cause, and directed the jury to find for defendant solely on the ground that he had consulted counsel. Malice and probable cause are questions for the jury. March v. Vandiver, 181 Mo. App. 281, 286; Butcher v. Hoffman, 99 Mo. App. 239, 250; Stubbs v. Mulholland, 168 Mo. 47, 89; Sharpe v. Johnson, 76 Mo. 660, 674; Hill v. Palm, 38 Mo. 13, 22. (4) While instruction No. 3 for plaintiff may not be verbally or technically faultless it is substantially correct, and furnishes no ground on which to disturb the judgment. There need not be any personal ill will or spite in the institution of a suit in order to constitute malice; but malice consists in the intention to do an act known to be wrongful, and may be inferred from the want of probable cause. Witacheck v. Glass, 46 Mo. App. 209, 214; Kenneday v. Holliday, 25 Mo. App. 503, 518. Instructions embodying the same points as instruction No. 3, set out in practically the same words, were approved in Callahan v. Caffarata, 39 Mo. 136, 142, and in Carp v. Queen Insurance Co., 203 Mo. 295, 354-5. A criminal prosecution is malicious when actuated by hostile, angry or vindictive motives, or when intentionally instituted and carried on with knowledge that it is without legal justification. Callahan v. Kelso, 170 Mo. App. 338, 341. (5) Plaintiff's instruction No. 4 was properly given. While proof of want of probable cause does not necessarily establish malice, yet from the circumstances showing want of probable cause the jury may infer malice. Stubbs v. Mulholland, 168 Mo. 47, 74; Callahan v. Caffarata, 39 Mo. 136, 142; Butcher v. Hoffman, 99 Mo. App. 239, 251; Bowers v. Walker, 192 Mo. App. 230, 238; Bosch v. Miller, 136 Mo. App. 482, 490. (6) (a) In in-

struction No. 1, covering the whole case generally, the fact of arrest is given among others as necessary finding on which to base a verdict. Instructions No. 2, No. 3 and No. 4, the only other instructions in which the words "arrested" or "arrest" occur, are all supplemental to No. 1, and it is not necessary that each one should alone present the entire case. (b) Moreover, the fact of arrest was an undisputed fact, and the assumption, if it had been made, would not have been error. It is not error to assume in an instruction, a fact that is undisputed or conclusively proved. Hauser v. Steigers, 137 Mo. App. 560, 569; Wise v. Wabash Railway Co., 135 Mo. App. 230, 243; Regan v. Kansas City & S. E. R. Co., 144 Mo. 623, 634; Murphy v. Southwest Mo. R. Co., 168 Mo. App. 588, 595; Gillogly v. Dunham; 187 Mo. App. 551, 559. (c) The insertion, in the search warrant, of an order to arrest the accused in case the property was found upon him was a mere irregularity, not vitally affecting the legality of the process. Boeger v. Langenberg, 97 Mo. 390, 396; Stubbs v. Mulholland, 168 Mo. 47, 88. And as was justly remarked by the court in the case last cited, page 88, "it certainly does not lie in the mouths of defendants to question that jurisdiction after they have invoked it." (7) Testimony of defendant as to his feelings toward the plaintiff was properly excluded by the court. (8) The damages assessed against defendant are not excessive. The verdict showed no evidence of prejudice, passion or corruption on the part of the jury, but on the contrary was evidently the result of an honest regard for duty and an understanding of the salient facts, and should be permitted to stand. Ruth v. St. Louis Transit Co., 98 Mo. App. 1, 19; Bowers v. Walker, 192 Mo. App. 230, 243; Carp v. Queen Insurance Co., 203 Mo. 295, 360. Appellate courts are not warranted in vacating a judgment on the ground that the verdict was excessive unless the excess is unwarranted by any reasonable interpretation of the evidence. Clark v. Knoxville Fire Insurance Co., 61 Mo. App. 181, 185.

ALLEN, J.—This is an action for malicious prosecution; the prayer of the petition being for a recovery of $5000 as actual damages alleged to have been sustained by plaintiff. The trial, before the court and a jury, resulted in a verdict and judgment for plaintiff in the sum of $1350, from which the defendant appeals.

On October 13, 1915, plaintiff and defendant were both residents of Jackson, Cape Girardeau County, Missouri. On that day a "special cheap sale" was in progress at a certain dry goods store in Jackson at which both of the parties to the record were present for the purpose of making purchases. The store was quite crowded; some three or four hundred persons, it is said, being present. According to plaintiff's testimony he made his purchases and left the store, and did not see defendant until "three-quarters of an hour or an hour" later when he was searched by a constable armed with a search warrant procured by defendant.

It appears that in making payment for an article or articles purchased by him, the defendant in some manner lost his pocket-book containing some money and other articles. He testified that upon leaving the store he found that his pocket-book was gone; that thereupon he re-entered the store and searched for the pocket-book but did not find it, and again came out upon the street where he met one Sachse who told him that he thought that plaintiff had the pocket-book. As to this defendant said: "I come out and Julius Sachse come to me and told me that Webb (plaintiff) was standing right by me at the time and he was satisfied that he had my pocket-book, for he seen him have a five dollar bill and he never had five dollars before." And defendant further testified: "I went back to the store, and Webb was in there. . . . Webb was standing six or eight feet from where I lost my pocket-book. I walked up to him, and I don't remember which said the first words, but I believe he said to me, 'I understand you lost your pocket-book.' I says, 'Yes, have you seen anything of it?' and he says, 'Yes, I got

it.' . . . Said he had it, and then he spoke up and says, 'No, I didn't get it, but I heard you lost it.' '' And defendant said that he thereupon returned to Sachse, and the latter said of plaintiff: "I know he's got it, and I would have him searched."

Sachse, in testifying, said that he told defendant that from the way plaintiff acted he thought plaintiff "might have" the pocket-book. Later he said that he told defendant that he was "pretty sure" that plaintiff had the pocket-book; and that he may have advised defendant to get a search warrant; and that what he told defendant was based upon the fact that plaintiff "looked pale" when the witness saw him, and the fur ther fact that he "didn't think" that plaintiff "was in the habit of having any bills."

Defendant then consulted counsel in regard to the matter. According to his testimony he told counsel of the loss of the pocket-book in the store, of his conversation with Sachse upon coming out upon the street; that he then re-entered the store and had the conversation with plaintiff mentioned above and of his subsequent conversation with Sachse.

Defendant's counsel, testifying in regard to what defendant told him, said: "Mr. Byrd came to my office some time in the forenoon and told me that his pocket-book was gone, that he had lost it in Bruening & Kerstner's store; he stated that Julius Sachse had told him that he was satisfied Charley Webb had the pocket-book, that he saw Charley close to Mr. Byrd in ,the store that morning, and that his face was pale and that he was buying pretty freely, and he was satisfied that Charley had gotten the pocket-book. Mr. Byrd said when Julius told him that he went to Charley and asked him if he had his pocket-book, and that Charley told him at first that he did have it, and when he asked him to give him the pocket-book he told him he didn't have it; he told me that from the expression of his face and countenance that he thought he had it."

Defendant's counsel told defendant that upon the facts stated he thought defendant could procure a

search warrant and have plaintiff searched without incurring liability in so doing. Thereupon defendant went to the office of a justice of the peace and made an affidavit to the effect that plaintiff stole the pocket-book. Thereupon a search warrant was issued by the justice of the peace and placed in the hands of one Howard, a constable. Shortly thereafter the constable found plaintiff near the post-office in Jackson and searched him, not finding the pocket-book upon him. There is a discrepancy between the testimony of plaintiff, on the one hand, and that of the constable and defendant, on the other, as to the exact place at which this search was conducted. Plaintiff's testimony is that he was searched on the sidewalk in front of the postoffice. The constable testified, however, as follows: "I found him (plaintiff) some place close to the postoffice and called him out south of the post-office, off of the street; I didn't want to make a public show of it and taken him around and searched him and found nothing on him." And defendant's testimony is to the effect that plaintiff was searched at the rear of the post-office. The evidence for defendant is that no one was present at the time except plaintiff, the constable and defendant. Plaintiff testified that at least one other person was present.

Defendant's pocket-book was later returned to him by a Mrs. Frederich whose son, it is said, found it in a shirt box in the store mentioned.

One assignment of error is that the court erred in refusing to peremptorily direct a verdict for the defendant. But a review of the evidence has satisfied us that the case was one for the jury. Under the evidence adduced we regard it as clear that a jury might with propriety find that there was a want of probable cause, the burden of showing which was upon plaintiff. And if the jury found, as they might, that there was a lack of probable cause for the prosecution or proceeding instituted, then they were at liberty to infer malice therefrom. [Stubbs v. Mulholland, 168 Mo. 47, 67 S. W. 650;

Callahan v. Kelso, 170 Mo. App. 338, and authorities cited, 156 S. W. 716.] It is true that though there was evidence making a prima-facie showing of want of probable cause, this did not establish malice as an inference in law; but from the want of probable cause malice may be inferred as a matter of fact. [Smith v. Glynn, 144 S. W. 149.] In the case last cited it is said that such inference may be entirely overcome by proof that the defendant, believing the plaintiff to be guilty, laid before reputable counsel, in good faith, all of the facts known to him or which might have been readily ascertained by him by inquiry, and acted upon the advice of such counsel. And in this view it was there held that if it appeared by undisputed evidence that the facts were so laid before counsel in good faith and the defendant acted upon such advice of counsel, all inference of malice arising from the prima-facie proof of want of probable cause would disappear from the case, leaving plaintiff without a case to go to the jury. Without passing upon the soundness of this doctrine, it is sufficient to say that it has, in any event, no application here. It was a question for the jury to determine whether defendant in fact made a fair, full and truthful disclosure to his counsel, upon whose advice he acted.

The fact that defendant sought and acted upon the advice of counsel will not relieve him from liability unless it be found that he made a full, fair and truthful disclosure to counsel, and acted in good faith upon the advice given him. [March v. Vandiver, 181 Mo. App. 281, 168, S. W. 824.] In the instant case defendant testifies (and so does his counsel) that he told counsel, among other things, that after missing his pocketbook, and after the conversation with Sachse, he saw plaintiff in the store and had the conversation with plaintiff to which we have referred above, and that plaintiff first stated that he had defendant's pocketbook and afterwards denied it. This is flatly contradicted by plaintiff; plaintiff testifying that he did not

have any conversation with the defendant at all on that day prior to the time when he was searched by the constable. Consequently the case is one in which the jury could with propriety find that defendant did not truthfully lay before his counsel the facts within his knowledge touching the question of plaintiff's guilt.

We consequently rule this assignment of error against the appellant.

## II.

Complaint is made of plaintiff's instruction No. 3. This instruction is as follows:

"The court instructs you that in law malice does not necessarily mean spite or ill will against a person, but consists of an intention to do a wrongful act. Therefore, if you believe and find from the evidence that defendant wrongfully caused plaintiff to be arrested and held in custody while the constable searched the clothes of plaintiff, and that in bringing about the arrest and search, defendant acted without probable cause, your verdict should be for plaintiff."

It will be noticed that the first sentence of this instruction undertakes to define "malice," as that term is used in the law, but does not correctly define the term; for it states merely that malice consists of an intention to do a wrongful act, whereas the proper definition of the term would include the idea of the intentional doing a wrongful act without just cause or excuse. And in the next sentence this instruction tells the jury that if they find from the evidence that defendant wrongfully caused plaintiff to be arrested, etc., then to find for plaintiff; without requiring the jury to find that defendant acted maliciously. Want of probable cause and malice must concur in order to warrant a verdict for plaintiff. And while malice may be inferred from want of probable cause, the inference is not a necessary one, and a jury should be required to find malice on the part of the defendant. This instruction permits a verdict for plaintiff without requir-

ing such finding, in spite of the fact that no actual malice appeared and there was evidence tending to rebut any inference of malice, viz., the evidence adduced by defendant, in support of the allegations of his answer, tending, at least, to show that he made a full, fair and truthful disclosure to counsel and acted in good faith upon the latter's advice. We think, therefore, that the giving of this instruction was error prejudicial to defendant.

## III

Plaintiff's instruction No. 4 is likewise subject to criticism, if not prejudically erroneous, in that it permits the jury to infer malice from want of probable cause, if they find the latter, and, upon such inefrence, to find a verdict for plaintiff, without reckoning at all with the evidence adduced by defendant, mentioned above, tending to rebut or repel such inference of malice.

## IV

It cannot be doubted that the trial court committed error prejudicial to defendant in refusing instruction No. 6 offered by defendant, which was as follows:

"If the jury believe from the evidence in this cause that William Byrd, before he made the affidavit and procured the warrant for the search of plaintiff, consulted in good faith an attorney at law and communicated to such attorney in good faith all the facts within his knowledge or which he might have learned by reasonable diligence, bearing upon his right and liability in procuring such search warrant; that said consultation and communication was had, and made by William Byrd in good faith, with a view to the advice of counsel learned in the law; that said attorney, upon such submission of facts, advised William Byrd that he had the legal rights to procure a warrant for the purpose of searching plaintiff without incurring liability; and if the jury further find that the defendant, William Byrd, made the

affidavit and procured the search warrant in good faith, in consequences of such advice, and not in pursuance of a previous fixed determination so to do, then the prosecution was not malicious, and your verdict must be for defendant.''

The defense thus sought to be placed before the jury was fully set up in defendant's answer, and defendant's evidence tended to support it; and this refused instruction was a correct declaration of the law applicable thereto. While the word ''truthful'' is not therein used in referring to the disclosure by defendant to his counsel, the instruction requires a finding that defendant ''in good faith'' disclosed all of the facts, etc., by which is necessarily meant a truthful disclosure thereof. By this instruction it was sought to clearly and definitely place before the jury the real defense upon which defendant relied, and obviously defendant was entitled to have the jury pointedly instructed that if they found the facts hypothesized in this instruction then to return a verdict for defendant; for if, indeed, defendant made such disclosure to counsel, in good faith, and in good faith acted upon advice of such counsel, this constituted a complete defense to the action, and defendant was entitled to a verdict at the hands of the jury acquitting him of liability. [Smith v. Glynn, supra, and cases cited; Cooley on Torts (3 Ed.), pp. 328-333.]

In this connection it should be noted that plaintiff's instruction No. 5 told the jury that ''before defendant can shield himself by the advice of counsel it must appear from the evidence that before beginning the prosecution he made in good faith a full, fair and honest statement of all the material circumstances bearing upon the supposed guilt of the plaintiff which were within the knowledge of the defendant, or which the defendant could, by the exercise of ordinary care, have obtained, to an attorney in good standing, and that the defendant in good faith acted upon the advice of said attorney in instituting and carrying on the prosecution against the plaintiff.'' While this instruction referred to the de-

fense sought to be placed before the jury by defendant's instruction No. 6, it did not, of course, pointedly tell the jury that if they believed the facts thus hypothesized then to find a verdict for defendant, but referred to this defense as being a shield—suggesting the thought that defendant was ignominously hiding behind the same to protect himself from the consequences of wrong-doing. Obviously plaintiff's said instruction did not give defendant the full benefit of this defense.

It follows that the refusal of defendant's instruction No. 6, whereby defendant was denied the right to submit his real defense to the jury, was highly prejudicial to defendant.

Other questions are suggested in the brief of counsel for appellant, but we deem it unnecessary to encumber the opinion by discussing them, since such errors, if any, will doubtless be eliminated upon another trial.

The judgment must consequently be reversed, and the cause remanded. It is so ordered.

*Reynolds, P. J.,* and *Becker, J.,* concur.