# DANIEL M. CUSTER, Respondent, v. JOHN H. KROEGER, Appellant.

### St. Louis Court of Appeals. Opinion Filed April 4, 1922.

1. **ASSAULT AND BATTERY: Self-defense: Does not Authorize Unnecessary Attack.** In an assault and battery case, even though plaintiff was the aggressor in the beginning and was not justified in threatening defendant with a poker, the right of self-defense justified defendant in using only such force as was necessary for his protection, and did not authorize him, after plaintiff was retreating and trying to withdraw from the combat, to pursue plaintiff and unnecessary attack him, as the right of self-defense does not give the right of attack.

2. ————: **Evidence: Damages: Actual: Punitive: Warranted.** In an action seeking damages for an assault and battery, where it appeared that defendant assaulted plaintiff whilst he was retreating, cutting him with a knife and striking him with a poker crushing the bones of his hand causing permanent injury, *held*, the evidence warranted a recovery of both actual and punitive damages.

3. **INSTRUCTIONS: Malice: Error in Defining: Not Prejudicial in View of Other Instructions.** In an action seeking damages for assault and battery, an instruction in which malice was defined to mean, not mere spite, hatred, or ill will, but the intentional doing of a wrongful act, and omitting the words, "without just cause or excuse," *held* the error was not prejudicial in view of other instructions which required the jury to find that defendant had no reasonable grounds to believe that his act in striking plaintiff was necessary to protect himself, before they could find for plaintiff; it appearing that the only excuse offered by defendant was a plea of self-defense which was taken into account in both plaintiff's and defendant's instructions.

4. ————: **Abstract Principles of Law: Not Commended: Harmless in View of Instructions Given.** The giving of an instruction which is nothing more than a declaration of an abstract proposition of law is not to be commended, but in view of the fact that it did not authorize a finding for either party and the other instructions plainly put to the jury the only issue in the case, namely, whether the defendant without justification assaulted the plaintiff, and, if so, whether the act was done maliciously, and the rights of the

defendant were not materially affected by the giving of such instruction, *held* harmless.

5. **APPELLATE PRACTICE**: Jury: Assumed to be Men of Reasonable Intelligence. The appellate court must assume the jury to be men of reasonable intelligence, and consequently not led astray by every slight error in the instructions.

6. **DAMAGES**: Excessive Damages: Actual: Assault and Battery: $250 Not Excessive. In an assault and battery case growing out of a controversy over the possession of an abstract, where it appeared that the defendant assaulted plaintiff whilst he was retreating, cutting him with a knife and striking him with a poker crushing the bones of his hand causing permanent injury, the assessment of $250 actual damages was not excessive.

7. ———: Punitive: No Fixed Standard for Assessing in Assault Cases: Left Largely to Jury. There is no fixed standard for assessment of punitive damages in assault and battery cases, and the amount must be left largely to the jury, who have the right to consider not only what is due to the plaintiff, but to the public as well, for acts which are opposed to peace and good order should be punished in such a way as to discourage others from repeating them.

8. **APPELLATE PRACTICE**: Verdict not Result of Prejudice and Passion: Appellate Court Not Authorized to Interfere. Where the record in a case does not convince the appellate court that the verdict in such case resulted from prejudice and passion, it is not authorized to interfere.

9. **DAMAGES**: Excessive Damages: Punitive: Assault and Battery: $1250 Not Excessive. A verdict in an assault and battery case assessing punitive damages in the sum of $1250, *held*, in view of the evidence, not excessive.

Appeal from the Circuit Court of Lewis County.— *Hon. James A. Cooley*, Judge.

AFFIRMED.

*James C. Dorian, Charles J. Fox* and *H. S. Rouse* for appellant.

(1) The instruction in the nature of a demurrer offered at the close of all the evidence in the case should have been given. Charles v. Patch, 87 Mo. 450; Hyde

v. Mo. Pac. Ry. Co., 110 Mo. 272; Knapp v. Hanley, 108 Mo. App. 353. (2) The question of punitive or exemplary damages should not have been submitted, and under the law, the pleadings and evidence the court should have held that punitive damages could not have been recovered in this case. Orscheln v. Scott, 90 Mo. App. 352. (3) Instructions Nos. 1 and 3, on the part of plaintiff was an unfair comment on the evidence, singling out particular parts thereof, and submitting issues not raised by the pleadings, and an attempt to enlarge the issues by instructions. Hamilton v. Railway Co., 114 Mo. App. 504; Price v. Railroad, 72 Mo. 414; Glass et al. v. Gilvin, 80 Mo. 297; Mitchell v. U. Rys. Co., 125 Mo. App. 11; Galbreth v. Fleming, 27 N. W. 581; Fisentraut v. Fleming, 150 N. W. 527.

(4) Instruction No. 4, given on the part of plaintiff was error, the same not being a true and legal definition of malice and unfair and prejudicial to the defendant. McNamara v. St. Louis Transit Co., 182 Mo. 676; U. S. v. Taylor, 2 Sum. 276; Geotz v. Ambe, 27 Mo. 28; Peak v. Teudmand, 251 Mo. 390; Dickensheet v. Mining Co., 200 Mo. App. 158. (5) The court erred in giving its own motion instruction "A" the same presenting an issue not raised by the pleadings, and being outside the issues. Glass et al. v. Gelvin, 80 Mo. 297; Iron Mountain Bank v. Armstrong, 62 Mo. 70; Degonia v. St. L. I. M. & S. Co., 224 Mo. 564; State ex rel. v. Ellison, 270 Mo. 645; Grout v. Central Electric Co., 151 Mo. App. 330. (6) The verdict is excessive and the result of passion on the part of the jury. Neff v. City of Cameron, 213 Mo. 350; Harper v. Railroad Co., 186 Mo. App. 296; Mann v. Weis, 185 Mo. App. 344; State v. Primm, 98 Mo. 372.

*Hilbert & Henderson* and *A. F. Haney* for respondent.

BIGGS, C.—This action seeks damages for an assault and battery, which is alleged to have been wilful,

unlawful and malicious. The answer, in addition to a general denial, sets up a plea of self defense. The cause was tried before a jury, where the plaintiff had a verdict for $250 actual and $1250 exemplary damages.

Defendant appeals, alleging error in failing to sustain his demurrer to the evidence, in permitting a recovery of punitive damages under the facts of the case, error in the instruction given on behalf of plaintiff and of the court's own motion, and in addition a claim is made by the defendant that the judgment is excessive.

The material facts necessary to rule on the demurrer are these:

Plaintiff is a practicing physician residing at Durham, Missouri. With his family he occupied a building where he conducted a hotel and where he also had an office for the practice of his profession. His office adjoined the hotel office, being connected therewith by a door. The defendant is a farmer residing a short distance form Durham. Prior to the 10th day of January, 1918, the parties had been friends, and the defendant had the plaintiff $2500 secured by deed of trust on certain land owned by the plaintiff in Indiana, which was valued at $10,000. At the time the loan was negotiated, which was about two years prior to January 10th, the plaintiff had furnished an abstract of title to the land, which with the other loan papers was deposited with the defendant. This loan was to mature on February 9, 1918. Some time in December the plaintiff asked the defendant if he would renew the loan, and the defendant told plaintiff he would not do so, that he desired it paid, whereupon the plaintiff requested the defendant to return to him the abstract which he had furnished and deposited with the defendant, so that he could make arrangements for a new loan with other parties. This the defendant did and caused the abstract to be placed in the plaintiff's hands so that he could make arrangements for a new loan and be ready to pay the defendant his debt, which as stated would fall due on February 9, 1918. On January 10th, and while

the plaintiff was still negotiating for the new loan, the defendant requested the plaintiff to return to him the abstract, whereupon he was told by the plaintiff he need-ed it to complete his arrangements for a new loan, but that if the defendant wanted to see it he could come to his office and he would let him look at it. About six o'clock of that day in response to that invitation the defendant went to the office of the hotel, where he met the plaintiff and they went into the adjoining room which was occupi-ed by the plaintiff as an office. Plaintiff testified that when they got into the office the defendant brought up the subject of the abstract, and plaintiff thinking that he sim-ply wanted to read it, obtained it from his desk and hand-ed it to the defendant, whereupon the defendant looked at it and then folded it up and put it in his coat pocket. Plaintiff thereupon remonstrated with the defendant and told him that he needed the abstract in order to get a new loan so as to be able to pay the defendant's note, and that the defendant should not take it out of the hotel. Where-upon the defendant stated, according to plaintiff's testimony, that he was going to take it out of the hotel, and he got up and was leaving the room, whereupon the plaintiff picked up a stove poker, which was under the stove in the center of the room, and stood at the door which led from the room into the hotel office, and demand-ed that the defendant lay down the abstract, stating that he had to have it, that he could not get along without it to meet his obligations. Plaintiff admitted that he flour-ished the poker to hold the defendant back, and that the defendant then went to the telephone which was in the office, and called up his son who was at his home, and requested that he come in town. Meanwhile plaintiff stood at the door with the poker in his hand and threat-ened to hit the defendant if he declined to leave the abstract, whereupon the defendant approached the plain-tiff, opened a pocket knife, and as the plaintiff was reced-ing and backing through the door and while standing on the threshold the defendant with his left hand grabbed

the poker, and being a larger and stronger man than the plaintiff jerked it from his grasp and cut plaintiff in the hand with the knife. Plaintiff then backed into the hotel office, which was a large room some twenty feet long, followed by the defendant, and while thus retreating the defendant struck the plaintiff with the poker, this blow landing on plaintiff's hand and, according to the testimony of plaintiff, the flesh of the hand was broken by the blow and the bones of his hand crushed. Plaintiff testified that by reason of the injuries received there will always be a deformity of defect in his hand, although there would be no permanent pain; that the blow received crushed the bones of his hand.

Plaintiff testified with reference to the occurence: "Q. What was the character of his language (meaning the defendant)? A. While going after me he wasn't using language, he crowded me too hard, he went after me too savage. I had all I could do to get out. Q. Before that what was his language? A. He kept swearing by God he would get the abstract, and by God you won't get the abstract. Q. What did you do when he kept crowding you? A. I got away through the door into the next room and gradually went east through a door and then came in there through another door and back into my private office where we started. Q. Was he still in an angry mood and did he have those weapons in his possession? A. Yes, sir. Q. Then what did you do?· A. When I got in my private office I grabbed a shot gun and I knew where some shells were, and I came to the door between the two office rooms and Kroeger was in there with his weapons in his hands and defying me and everybody, and my wife was trying to get him to go out, but he was flourishing the poker and I pulled the gun on him and ordered him out of the house and he defied that and came after me with the poker and I closed the door on him several times in order to keep him away from me. Q. Did he finally leave the house? A. In probably five or ten minutes after demanding and insisting and leveling the gun on him and

threatening and all that with the help of other people and my wife he finally went out the door with the poker and abstract and after a time he came back later and handed the poker through the door.''

The evidence of the plaintiff was corrborated by several witnesses who were in the hotel office at the time, one testifying defendant cut the plaintiff with a knife and also struck him with the poker, and that when the defendant hit the plaintiff with the poker on the hand plaintiff was trying to get away from him.

The foregoing evidence warranted a recovery of both actual and punitive damages. The right of self defense justified the defendant in using only such force as was necessary for his protection, and did not authorize him, after plaintiff was retreating and trying to withdraw form the combat, to pursue plaintiff and unnecessarily attack him. The right of self defense does not give the right of attack. The foregoing is true notwithstanding plaintiff was the aggressor in the beginning and was not justified in threatening defendant with the poker. [Brouster v. Fox, 117 Mo. App. 711, 93 S. W. 823.]

Defendant relies upon the case of Orscheln v. Scott, 90 Mo. App. 352, to relieve him from a liability for exemplary damages, but the facts in that case are radically different from the facts of this case. We think the demurrer properly ruled, and no error was committed in permitting the jury to give punitive damages (Wingate v. Bunton 193 Mo. App. 460, 186 S. W. 32).

On behalf of plaintiff the court instructed the jury as follows:

''The court instructs the jury that although you may believe that plaintiff is not entitled to the possession of the abstract at the time of the alleged assault, and that plaintiff was not authorized in threatening defendant with violence with the poker, yet if you further believe that defendant afterwards gained possession of the poker and that plaintiff was retreating and that while so retreating he was followed by defendant, and that defend-

ant struck plaintiff with the poker, and did not at the time believe and have reasonable grounds to believe that such stricking was necessary to protect himself from injury at the hands of plaintiff, then your verdict should be for the plaintiff.''

By another instruction the court told the jury that if they believed the assault, if any, was made maliciously, that they were authorized in their discretion to award plaintiff punitive damages. And by another instruction malice was defined to mean not mere spite, hatred, or ill will, but the intentional doing of a wrongful act. The court also on behalf of plaintiff instructed the jury that although they may believe the plaintiff was not entitled to the abstract in controversy, and although they may believe plaintiff handled the poker in a threatening manner towards the defendant, yet unless they further believe that defendant had reason to apprehend bodily injury then the defendant was not authorized to attack plaintiff with a knife or other dangerous weapon, if they find defendant did so attack the plaintiff.

The court of its own motion gave to the jury an instruction, which was lengthy and which is not necessary to here set out in full, with reference to the right of the parties to the abstract referred to, but which was not applied in any way to the facts of the case.

For the defendant the court instructed the jury that if they found defendant acted in defending his person from a threatened assault of the plaintiff and used no more force than was necessary to protect his person from said threatened assault, then their verdict must be for the defendant. And by another instruction for defendant the jury were told that if they believed from the evidence the plaintiff turned the possession of the abstract referred to in the evidence unconditionally to the defendant, then the plaintiff had no right under the law, to assault defendant, in order to again get possession of said abstract, but must rely on whatever action, if any, he may have had at law.

We perceive no error in the instructions which would warrant a reversal of the judgment. While the definition of malice is not the accepted technical definition of that term when used in law, in that it omits the words "without just cause or excuse," we do not regard the error as prejudicial in this case in view of the other instructions which required the jury to find that defendant had no reasonable grounds to believe that his act on striking plaintiff was necessary to protect himself before they could find for plaintiff. The only excuse offered by defendant was a plea of self defense, which was taken into account in both plaintiff's and defendant's instructions. The instruction defined malice as "The intentional doing of a wrongful act." If one does a wrongful act knowingly, intentionally and designedly, no excuse exists for it.

While this Court in the case of Webb v. Byrd, 203 Mo. App. 589, 219 S. W. 683, criticized an instruction which defined malice in a malicious prosecution suit and which omitted the words "without just cause or excuse," it will be noted from what is said in the opinion the principal reason for condemning the instruction was on account of the fact that it permitted a verdict for plaintiff without requiring the jury to find malice on the part of the defendant.

In McNamara v. St. Louis Transit Company, 182 Mo. 676, l. c. 683, 81 S. W. 880, the Supreme Court in referring to the meaning of malice says: "The term 'intentionally' done covers all that has ever been or ever could be claimed as necessary to indicate to the jury that the defendant knew that it was wrong, knew that he had no just cause or excuse for so doing, and hence did it willfully, and wantonly and in reckless disregard of the rights of the other party."

Complaint is made against the instruction given by the court of its own motion on the question as to the rights of the parties to the abstract in controversy for the reason that the instruction is a mere abstract prop-

osition of law and was not applied to the case, and consequently was calculated to mislead the jury on the issues. It will be noted, as heretofore stated, that defendant requested and was given an instruction by the court on the same subject, which told the jury that if they believed from the evidence that plaintiff turned the possession of the abstract unconditionally to the defendant, then the plaintiff had no right under the law to assault defendant in order to again get possession of said abstract, but must rely on whatever action, if any, he may have had at law.

While we do not commend this form of instruction as it is nothing more than a declaration of an abstract proposition of law, we are satisfied the instruction in this case did not materially affect the rights of defendant. It did not authorize a finding for either party, and the other instructions plainly put to the jury the only issue in the case, namely, whether the defendant without justification assaulted the plaintiff, and if so whether the act was done maliciously. We must assume the jury to be men of reasonable intelligence and consequently not led astray by every slight error in the instructions.

As to the alleged excessiveness of the verdict and judgment, the amount of actual damages awarded was by no means excessive, and might well have been greater in view of plaintiff's evidence to the effect that his hand is permanently injured as a result of the blow given him by the defendant with a dangerous weapon. There is no fixed standard for the assessment of punitive damages in such cases. It must be left largely to the jury, who have the right to consider not only what is due to the plaintiff but to the public as well, for acts which are opposed to peace and good order should be punished in such a way as to discourage others from repeating them. A careful reading of the record does not convince us that the verdict in the present case resulted from prejudice and passion, and unless we so

believed we would not be authorized in interfering. The trial judge refused to reduce the damages, thereby sanctioning the verdict. The judgment should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker, J.,* concur; *Daues, J.,* not sitting.