**Larry M. MUZA et al., Appellants,**

v.

**CASH BARGAIN LUMBER COMPANY et al., Respondents.**

No. 29851.

Missouri Court of Appeals, Western District.

July 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 4, 1979.

As Modified on the Court's Own Motion Sept. 4, 1979.

Application to Transfer Denied Oct. 10, 1979.

Richard E. Duggan, Kansas City, for appellants.

Max W. Foust and G. Spencer Miller, Kansas City, for respondents.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Suit for damages for malicious prosecution. At the close of plaintiff's evidence, trial court sustained defendants' motion for directed verdict. This appeal followed.

By virtue of the trial court's disposition of this cause, review of the evidence must be undertaken, and the court is required to review such evidence in a light most favorable to appellants' theory of the case, including any and all inferences to be drawn therefrom. *Russell v. Russell,* 540 S.W.2d 626 (Mo.App.1976).

Appellant Larry Muza was a subcontractor. Appellant Howard Thiele was a career soldier. The two met in Vietnam and a continued friendship between them and their families developed. Thiele was in town between military assignments, visited Muza and his family and accompanied Muza to respondents' store on September 15, 1975.

The evidence revealed Muza was a subcontractor for Atlas Construction Company. He was a regular customer in respondents' store and for about a year and one-half, would purchase materials and tools from respondent. As a common practice, Muza would charge these goods to Atlas. Atlas would pay respondent, and then later, adjust this cost between Atlas and Muza. The evidence further revealed such purchases amounted to something between $75,000.00 and $100,000.00 over this period. Cash Bargain Lumber Company had two co-managers in its store. One was Jim Cupp, the other, Rodney Farrington. Muza knew Cupp better than Farrington, and Cupp and Muza had a friendly relationship when Muza would enter the store.

On September 15, 1975, Muza and Thiele entered the respondent store. They needed lumber and hardware for use on a job site that particular day. Upon entry, Muza commented to Cupp, "What can I steal today?" Cupp responded by saying, "about anything you want to!" or words to that effect.

The evidence establishes that the various purchases to be made by Muza were in two different parts of the respondent store, by virtue of the nature of the goods. Hardware purchased was in one section and lumber materials in another.

During the course of purchasing hardware items, appellant stated he was shown (by Cupp) a tile-cutter tool and he decided to purchase it. Muza testified he told Cupp he would have the tile-cutter charged in the other section of the store. Muza and Thiele then proceeded to the other section of the store. The evidence is controverted at this point as to who carried the tile-cutter and whether it was placed on the counter in the other section of the store.

During all of this, the other co-manager, Rodney Farrington, was observing Muza and Thiele. The evidence is controverted as to whether Farrington observed the two continuously, but it appears somewhat clear that his observation of them was for the greater portion of the time.

The counter man for respondent wrote up a sales ticket, which Muza placed in his pocket. Thiele went outside with the tile-cutter and other items. He placed them in Muza's pickup truck. The evidence is controverted on the exact location within the truck as to whether the items could be seen. Thiele testified he placed the items in plain view and Farrington testified that when he went to the truck, the items could not be seen from the passenger's side.

Immediately following Farrington's going to the truck and returning with the tile-cutter, he confronted Muza and Thiele. He inquired if the tile-cutter was on the sales ticket and Muza said it was on it. A review of the ticket proved it was not listed. Muza then requested the item be included, but Farrington refused, advising Muza he was going to call the police.

Muza testified that before leaving the "yard" of the respondent company, he always had the sales ticket checked. Farrington testified he was not aware of this practice.

The police arrived and Muza and Thiele were arrested for "shoplifting". Disposition of the charges occurred some six weeks later, when after trial, Muza and Thiele were found not guilty in municipal court. This action followed.

Upon trial, appellants dismissed their claim against Farrington, proceeded against respondent corporation and called Farrington as a witness for the plaintiff. After the appellants rested their case, respondents moved for a directed verdict, which was granted. The trial court concluded the following in sustaining respondent's motion:

(a) Appellants failed to carry their burden of proof as to the absence of probable cause or reasonable grounds for instigating prosecution against appellants.

(b) Appellants failed to carry their burden of proof as to malice.

The trial court reached the above conclusion upon the premise there were no substantial or material facts in dispute to warrant submission of the issues to the jury.

A third, and somewhat unique feature of this case, surrounds the claim by respondent of a complete legal defense of reliance upon advice of counsel. The trial court agreed this was a complete defense under the facts of this case.

Evidence on this third point came from the testimony of Farrington. He stated after observing Muza and Thiele, he called his brother, a recently admitted attorney, and was advised by his brother to proceed to have Muza and Thiele arrested. Since this is a point raised on appeal, a more detailed consideration of the facts surrounding this point will be undertaken.

Appellants raise four points on appeal. Error is contended in sustaining the motion for directed verdict on the question of no probable cause for arrest and prosecution because the facts in evidence established a submissible case; that it was error to sustain a directed verdict on the issue of advice of counsel because of failure to disclose material facts to counsel; that it was error to have admitted hearsay evidence and that it was error for the trial court to refuse to permit appellants to submit evidence of respondents' conduct prior to and subsequent to the arrest of appellants.

The necessary elements embodied within a valid claim for malicious prosecution are:

(a) Commencement of prosecution of proceedings against present plaintiff,

(b) Its legal causation by present defendant,

(c) Its termination in favor of present plaintiff,

(d) Absence of probable cause for such proceedings,

(e) Presence of malice therein and

(f) Damage to plaintiff by reason thereof.

For a restatement of this criteria, see *Palermo v. Cottom,* 525 S.W.2d 758, 763 (Mo.App. 1975).

On these six requisites, as interrelated with appellants' first alleged point of error, only two are of importance herein. The evidence is uncontroverted as to (a), (b), (c) and (f) referred to above. In addressing the remaining two elements, resolution of appellants' first point of error can be achieved.

The question of absence of probable cause and the presence of malice are at best difficult questions to determine. A brief reference to the facts is necessary to a proper review of the court's decision of no submissible issue.

On the question of probable cause, Farrington, of course, is the central figure. The issue to be resolved herein is whether the evidence, even though provided solely by the appellant, raised an issue to be submitted to the jury.

Farrington admitted in his testimony to overhearing Muza and Cupp discuss the charging of the tile-cutter to the Atlas account in another section of the store. In addition, evidence was controverted as to

whether Thiele ever placed the tile-cutter on the sales counter for purposes of being included on the sales ticket. Thiele testified he had done so. Farrington testified he never observed the cutter on the counter. Appellant Thiele testified the tile-cutter could be easily viewed from outside the truck. Farrington testified to the contrary.

█ Further consideration of the reasonableness of Farrington must include the noncontroverted testimony of appellant Muza relative to the customary procedure of checking his list of items before leaving the premises. The evidence further establishes that Farrington was aware of a previous delinquent account due respondent by Muza. The evidence further established that Farrington neglected to inquire of fellow employee, Cupp, as to whether Cupp failed to include the tile-cutter on the ticket. No investigation was made by Farrington and this failure lends itself to the basic question of whether Farrington's conduct was reasonable under the circumstances. This is a fact in dispute of a material nature. *Hoene v. Associated Dry Goods Corp.,* 487 S.W.2d 479 (Mo.1972).

The record reveals that when Farrington confronted Muza, Muza claimed the tile-cutter was on the sales ticket, presented the ticket and upon it being shown the cutter was not on the ticket, Muza immediately directed Farrington to include it. This directing was met with refusal and the response that he, Farrington, was going to have Muza prosecuted for shoplifting.

By virtue of the conflict in testimony and the salient factors surrounding the ultimate decision by Farrington to prosecute, it was error for the trial court to conclude there was no issue to submit to a jury on the question of whether Farrington's actions, in light of all attending circumstances, were reasonable.

While it is true that actions for malicious prosecution do not find favor in the law upon the public policy that citizens should "be not deterred by fear of unpredictable consequences from a bona fide resort to the duly constituted authorities and tribunals for the vindication of the interests of socie-ty in matters of public justice", *Bonzo v. Kroger Grocery & Baking Co.,* 344 Mo. 127, 125 S.W.2d 75, 79 (Mo.1939), the same is not the equivalent to nullifying this form of action in tort, see *Palermo v. Cottom, supra* at 761.

Upon the question of the reasonableness of Farrington's actions, agreement with the trial court that as a matter of law, appellants failed to sustain their burden of proof, on this question, cannot be reached. It was error for the trial court to have ruled as a matter of law no material fact was in issue upon this question.

█ As to the question of malice, it must be clarified that the term malice does not mean ill will or intention. This, in fact, was pointed out by the trial court. As it has been defined, malice is "the intentional doing of a wrongful act without legal justification and may be inferred from the absence of probable cause", see *Palermo v. Cottom, supra* at 765. Thus, this question, by virtue of the submissibility of the issue or reasonableness of the actions of Farrington, should have been left to the jury. It was error for the trial court to conclude as a matter of law this question was not submissible.

Having concluded that the question of reasonableness and malice, as presented, did, in fact, raise an issue submissible for a jury, it does not follow this matter is totally resolved.

There remains the determination of the issue of complete defense upon advice of counsel.

It is clear that reliance, upon advice of counsel, is a bona fide, complete defense. *Hernon v. Revere Cooper & Brass, Inc.,* 494 F.2d 705 (8th Cir. 1974), cert. den. 419 U.S. 867, 95 S.Ct. 124, 42 L.Ed.2d 105 (1974); Restatement of Torts, § 666, p. 433 (2d ed. 1977); *Webb v. Byrd,* 203 Mo.App. 589, 219 S.W. 683 (1920) and *March v. Vandiver,* 181 Mo.App. 281, 168 S.W. 824 (1914). The rationale of this rule, of course, is where a party (defendants in the original action) can show he acted upon advice of counsel, this establishes he acted with probable cause.

The two factors are inextricably interrelated.

To be sure, the evidence herein established Farrington had a brother who was a recent practitioner of the Missouri Bar. The evidence further established Farrington contacted his brother about the matter herein. The question rests upon whether Farrington failed to relate to his brother material facts of the incident. If the evidence supports a showing of such failure, then respondent cannot avail itself of this complete defense, but rather the question becomes one of fact for the jury to decide in its overall consideration of the reasonableness of the actions of the party initiating the prosecution, in this case, Farrington.

First, it should be revealed that the evidence centered upon this point contained a barrage of hearsay testimony. Such hearsay evidence was erroneously admitted over repeated and continual objection of the appellant.

The record reveals in summary that Farrington told his attorney brother that appellant Muza, when entering the respondents' place of business, hollered at the co-employee, Jim Cupp, "What can I steal today?" or words to that effect; that appellant Muza picked up the tile-cutter, that Thiele took the cutter to the truck, that the cutter was not charged on the sales slip and was he, Farrington, within his right to retrieve the tile-cutter from appellant Muza's truck?

Appellants, of course, contend a lack of inclusion of other material facts which should have been propounded to the attorney.

Those include appellant Muza's statement to co-employee Jim Cupp about charging the tile-cutter in another section of the store; that appellant Muza had a continued practice of charging materials and tools at respondents' place of business and that he, Farrington, knew Muza had a long standing personal delinquent account with respondents.

The rule is that in order to avail oneself of the complete defense of advice of counsel, it must be shown that material facts must not be omitted when conveyed to counsel. This defense is an affirmative defense upon which the defendant, in the original proceedings, has the burden of proof. *Hughes v. Aetna Insurance Co.*, 261 S.W.2d 942 (Mo.1953).

Farrington was familiar with appellant Muza's method of transacting credit business with respondent. He did not disclose the reference to charging the item in another section of respondent's place of business with counsel and he failed to disclose his knowledge and awareness of the delinquency of appellant Muza's personal account with counsel. These are material facts bearing upon this point.

The evidence adduced upon this record indicates sufficient question being raised which warranted the jury passing upon the claimed defense of advice of counsel. The trial court erred in concluding there was no issue of fact to submit to the jury.

Other points are raised herein, but by virtue of the disposition of this case on the issues discussed, further consideration is rendered unnecessary.

For the reasons set forth herein, this cause is reversed and remanded for further trial upon the issues.

All concur.