## Houston Electric Company v. Anna Green.

Decided December 16, 1907.

**1.—Damages Alleged—Proof—Charge.**

Where, in a suit for personal injuries, the plaintiff alleged that she had incurred liability for medical attention of the reasonable value of one hundred dollars, and the evidence showed that her liability for such expense probably exceeded that amount, it was reversible error for the court to charge the jury that they might allow the plaintiff, among other things, "such reasonable sums as she may necessarily have incurred liability for on account of medical attention," without limiting the amount allowed to the amount pleaded.

**2.—Date of Accident—Pleading and Proof—Charge.**

Where plaintiff alleged that an accident occurred on a certain day and introduced proof to the same effect, and the defendant introduced evidence to the effect that no such accident occurred on the day alleged, a charge that it was immaterial, as concerning plaintiff's right to recover, whether she was injured on the exact day alleged or not, while ordinarily harmless if not proper, under the facts of this case it might be subject to the criticism that it was upon the weight of the evidence.

**3.—Personal Injury—Previous Disease—Liability.**

The fact that a person injured by the negligence of another was at the time of the injury in a diseased condition, does not prevent him from recovering damages for any increase or aggravation of the diseased condition caused by said negligence.

Appeal from the 61st District Court, Harris County. Tried below before Hon. Norman G. Kittrell.

*C. R. Wharton* and *Baker, Botts, Parker & Garwood,* for appellant. —The court should have limited the amount of recovery allowed for medical attention to one hundred dollars, the sum asked in plaintiff's petition. City of Dallas v. Jones, 93 Texas, 47; Gulf, C. & S. F. Ry. v. Simonton, 2 Texas Civ. App., 562; International

& G. N. Ry. v. Beasley, 9 Texas Civ. App., 571; Martin Brown Co. v. Pool, 40 S. W. Rep., 820; Texas & Pac. Ry. v. Durrett, 24 Texas Civ. App., 105; Missouri, K. & T. Ry. v. Pawkett, 68 S. W. Rep., 323; International & G. N. Ry. v. Shaughnessy, 81 S. W. Rep., 1026; Southern Pac. Ry. v. Martin, 83 S. W. Rep., 675.

The court's charge was on the weight of the evidence, since the instruction that the date was immaterial had the effect, or was calculated to have the effect, to cause the jury to disregard the evidence offered by the defendant, showing that the accident did not happen on August 31, as alleged, and tending to show that it did not happen at all.    Revised Statutes, art. 1317.

This rule prohibits even the slightest intimation from the judge as to the weight of any portion of the evidence.   Mayo v. Tudor, 74 Texas, 471; Blum v. Strong, 71 Texas, 321.

Under allegations that plaintiff has suffered physical injuries as the result of an accident, which is said to have produced her present physical condition, she can not recover for an augmentation of an already existing diseased condition, and the jury should have been so charged.   Watson on Damages, sec. 206, p. 260; Fuller v. Mayor, 92 Mich., 197; Wilkinson v. Detroit Steel Works, 73 Mich., 405; Thurstin v. Luse, 61 Mich., 292; Haywood v. Galveston, H. & S. A. Ry., 38 Texas Civ. App., 101.

*Guynes & Colgin* and *Ewing & Ring,* for appellee.

McMEANS, Associate Justice.—Appellee, Anna Green, sued the appellant, Houston Electric Company, for damages for personal injuries alleged to have been sustained by her, through the negligence of appellant, while attempting to board one of its street cars in the city of Houston.  She alleged, among other things, that as the result of her injuries she had incurred liability for necessary medical aid and attention, in attempting a cure, of the reasonable value of $100.   The court, in its charge, informed the jury that in the event the jury found for her, then they might, in estimating her damages, take into consideration, among other things, "such reasonable sums as she may necessarily have incurred liability for on account of medical attention, in attempting a cure."

By its first and second assignments of error appellant complains of this charge and asserts the proposition that the court should have limited the amount of the recovery for medical attention to $100, the sum asked in plaintiff's petition.   As to the liability incurred by appellee for medical attention, the witness, Dr. Goss, testified that he had attended Mrs. Green, and that the charges for his services should be about $150, which was the customary and usual charge. Appellee testified that Doctors Wood, Boyd and Goss had all treated her, and further, that she still owed her doctors and that she owed them so much that she was afraid she would never pay them; that she sent for Dr. Wood the next day after she was injured, and he treated her about six months; that she did not know how often he came to see her; that Dr. Goss treated her and that Dr. Boyd examined her several times; that the last medical treatment she had

was given her by Dr. Boyd, which was about two years before the trial. The charge permitted the jury to allow such sum as they might find appellee had incurred, which might have been greatly in excess of $100. The assignments are sustained. Appellee admits the error, but insists that positive error in the charge was only to the extent of $50, as there was no evidence to authorize a recovery for a greater amount than claimed in the petition except in that sum, and that amount plaintiff, in her briefs, remits. If there had been no testimony other than that of Dr. Goss, above referred to, the remittitur would cure the error. City of Dallas v. Jones, 93 Texas, 47. The plaintiff testified that she had been treated by two doctors other than Dr. Goss, and that one of them had treated her for about six months and that the other had examined her several times; that she did not know how much she owed them and was afraid to ask what her bills were. The jury had before them the statement of Dr. Goss that the value of his services was $150, and they may have concluded that if his attention was worth that much the services of Doctors Wood and Boyd were equally or more valuable. It can not be said, therefore, that the jury in estimating the amount of appellee's damages did not take into consideration Mrs. Green's liability to others than Dr. Goss for medical attention. The verdict not having been itemized we are unable to determine the amount allowed by the jury for medical attention, and the judgment, therefore, must be reversed and the cause remanded. Missouri, K. & T. Ry. Co. v. Pawkett, 68 S. W. Rep., 327; International & G. N. Ry. Co. v. Shaughnessy, 81 S. W. Rep., 1026; Martin Brown Co. v. Pool, 40 S. W. Rep., 820; Texas & Pac. Ry. Co. v. Durrett, 24 Texas Civ. App., 105.

The court instructed the jury as follows: "The law is, that if plaintiff was injured as the proximate result of negligence of defendant's employes in charge of the car in question, so as to render defendant liable, as submitted in these instructions, it is immaterial, as concerning plaintiff's right to recover, whether she was injured on the exact day alleged or not." Appellant, contending that this charge is upon the weight of the evidence, challenges its correctness by the third assignment of error. The petition alleges that plaintiff was injured on the 31st day of August, 1903. Plaintiff and her witness, Mrs. Finch, testified that plaintiff was hurt on the forenoon of that date, while attempting to board a combination car on the Houston Heights line of defendant's street railway. The defendant offered testimony to the effect that on said date it operated but one combination car on that line, and the conductor on the car testified that no such accident as testified to by plaintiff and Mrs. Finch occurred on that day. Ordinarily, such a charge would be harmless and in some cases proper; but under the peculiar facts of this case it might have had the effect of lessening the force of the testimony offered by defendant to prove that no such accident as alleged by plaintiff happened. If the jury believed that the accident did not occur on that date, then the entire evidence of plaintiff upon that issue would be given no weight and would be entitled to none; but since the plaintiff fixed the date in her petition

and offered positive testimony that it was the correct date, then the question as to whether she and her witness were to be believed, or the testimony offered by defendant that no such accident happened on that date, was to be believed, may have become important; and while we are not prepared to say that we would reverse the judgment because of the charge having been given, we are not clear that it is not subject to the criticism that it is upon the weight of the evidence.

Appellant's fourth and fifth assignments are as follows: "The court erred in refusing special charge No. 2, requested by defendant, which is as follows: 'If you find from the evidence that the plaintiff, Anna Green, received an injury on defendant's street car on the 31st day of August, 1903, and that this injury was caused by the negligence of the defendant company, or its agents and employes, but yet if you also find that prior to the time of receiving this injury the plaintiff, Anna Green, was in a diseased condition physically, and that this injury merely had the effect of increasing and aggravating her already existing diseased condition, your verdict will be for the defendant.'

"The court erred in refusing special charge No. 3, requested by the defendant, which was as follows: 'Evidence has been introduced tending to show that the plaintiff, Anna Green, is suffering from serious nervous troubles, and that her nervous system is seriously impaired. She charges in her petition that this nervous trouble was caused by an injury received at the hands of the defendant on the 31st day of August, 1903. If, however, you find from the evidence that she suffered from this nervous trouble and nervous condition prior to the 31st day of August, 1903, then she can not recover because of any injury to her nervous system caused by the accident of the 31st of August, 1903, even though there was such an accident.' "

The propositions presented in these assignments were decided adversely to appellant's contention on the former appeal of this case (89 S. W. Rep., 442), and we see no reason for changing our conclusions therein expressed. We might add, however, that since the former decision was made appellee has amended her petition so that, as amended, it alleges, as concerns her injury, "whereby she sustained serious and permanent injury in head, body and limbs, and especially in her back, chest and sides, and in her hip, ribs and lungs, and in her abdomen and bowels, and in her nervous system generally." It is not alleged whether this injury was to a physically diseased and nervously troubled person or to one physically sound and unimpaired in her nervous system.

For the error indicated the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*