RUSSELL DUNHAM, Defendant in Error, v. MAD-
ISON MILLER, Administrator pendente lite,
Plaintiff in Error.

**Kansas City Court of Appeals, January 2, 1911.**

1. **Pleading: General Prayer: Instructions: Specific Damages.**
   Where a petition alleges specific character and items of dam-
   age and also general damages, but prays for the recovery of
   a lump sum as covering all of these, it is error to give an in-
   struction directing that if the verdict is for the plaintiff he can
   recover in any sum not exceeding the entire amount prayed for.
   The instruction should particularize the special character of
   damage alleged and restrict the recovery for those to the
   amount claimed.

2. ———: ———: ———: ———. Such an instruction is not
   correct in its general scope so as to make it necessary for the
   defendant to ask a particular instruction limiting the verdict
   to the amount claimed.

3. **PETITION.** Necessity for plain and unambiguous statement
   of plaintiff's case in his petition adverted to.

4. **TRESPASS: Malice: Exemplary Damages.** To justify exem-
   plary damages for trespass the act must have been wrongful
   and intentionally done and also must have been known to be
   wrong when done.

Error to Clay Circuit Court.—*Hon. Francis H.
Trimble*, Judge.

REVERSED AND REMANDED.

*Simrall & Simrall, W. E. Fowler, Wm. G. Holt,
Culver & Phillip* and *I. J. Ringolsky*, of counsel, for
plaintiff in error.

(1) Instruction No. 1, given for the plaintiff, is
erroneous, because it comments on evidence; is argu-
mentative; assumes facts as proven and is misleading.
Landrum v. Railroad, 132 Mo. App. 717; Johnston v.
Railroad, 117 Mo. App. 308. (2) Instruction No. 3

given for plaintiff is erroneous, because the petition prays for special damages and special sums for each item. These special items and the amounts must be established by evidence. The instruction is incorrect "in its general scope." It gives the jury a roving commission to exercise its own fancy as to the amount of damages. It is clearly erroneous. Browning v. Railroad, 124 Mo. 55; Hughes v. Hood, 50 Mo. 35; Knight Bros. v. Railroad, 122 Mo. App. 38; Van Buskirk v. Railroad, 131 Mo. App. 357; Flaherty v. Transit Co., 207 Mo. 318; Nat'l Handle Co. v. Huffman, 140 Mo. App. 162; Partello v. Railroad, 141 Mo. App. 162; Am. and Eng. Ency. Law (2 Ed.), p. 682; Salzgeber v. Mickel, 60 Pac. 1009; Moore v. Winter, 27 Mo. 380. (3) It is erroneous also, because the evidence in this case did not justify the giving of punitive damages. Kennedy v. Railroad, 36 Mo. 351; Pruitt v. Quarry Co., 33 Mo. App. 18; Tranerman v. Lippincott, 39 Mo. App. 478; Leavell v. Leavell, 122 Mo. App. 654; Leiter v. Day, 35 Ill. App. 248; McNamara v. Transit Co., 182 Mo. 676. (4) Instruction No. 5 given for plaintiff is erroneous because it recites certain facts and tells the jury, such facts if found make the entry of defendant "unlawful, wrongful and malicious." It is purely an argument by the court. It invades the province of the jury. It leaves out of consideration all the other facts and circumstances testified to and shown in the record. Pruitt v. Quarry Co., 33 Mo. App. 18; Tranerman v. Lippincott, 39 Mo. App. 478; 2 Sutherland on Damages sec. 394; Callahan v. Ingram, 122 Mo. 355. (5) The verdict is excessive, not supported by evidence and the result of bias and prejudice on the part of the jury.

*T. B. Buckner* for defendant in error.

(1) The defendant cannot complain that his instructions specified the grounds of recovery, by a refer-

ence to the pleading, because if error, it was a self-invited error. Neither can he complain of an error on appeal when he has propagated such error; nor can he complain of instructions, even though they are erroneous, when his instructions embrace the same doctrine. Reilly v. Railroad, 94 Mo. 600; Thorpe v. Railroad, 89 Mo. 650; Holmes v. Railroad, 82 Mo. 610; Smith v. Culligan, 74 Mo. 387; Whitman v. Supreme Lodge, 100 Mo. 36. (2) And having tried the case upon the theory that plaintiff was entitled to recover, if at all, for being deprived of the use of said premises and the losses occasioned thereby, which theory is embraced in the instructions of defendant, he cannot be heard to say on appeal that the theory was an incorrect one. Black v. Railroad, 172 Mo. 177; Tomlinson v. Ellison, 104 Mo. 105; State ex rel. v. Chick, 146 Mo. 645; Tube Works Co. v. Ice Machine Co., 201 Mo. 30; Tetherow v. Railroad, 98 Mo. 85.

ELLISON, J.—Plaintiff's action is founded on an alleged trespass to real estate which he had rented of defendant. He recovered damages in the trial court.

It appears that defendant rented to plaintiff a tract of ground known as "a part of Regent Park," in Excelsior Springs, Mo. The park was of diversified topography and the part which plaintiff rented was "in the flat" of the tract; and it was "to be used for tennis and croquet grounds only." The lease was from the 8th of May to the 1st of December, 1908, at the rate of $25 per month.

Plaintiff charged that the tennis and croquet grounds which he purposed preparing were to furnish a place of amusement for the people who visit the hotels in Excelsior Springs for health and pleasure. That after he had prepared two places for each of these games and before he had opportunity to prepare others, defendant "unlawfully, wrongfully, intention-

ally and maliciously'' entered on the grounds, took possession thereof and destroyed what plaintiff had up to that time prepared, so that he was thenceforth deprived of the use thereof and that he was compelled to abandon the use thereof for the balance of the term. The remainder of the petition is best stated in the words thereof, viz.: ''That said grounds and the rental value thereof for the purposes which plaintiff was going to use the same, was and is of the reasonable value of $300 per month and plaintiff's profits for said use would have amounted to said sum; that plaintiff at great expense had arranged to convert said tract of ground into tennis courts and croquet grounds, to-wit, the sum of $200, and that by reason of defendant unlawfully taking possession of said premises the plaintiff has been actually damaged in the sum of $1000.

''Plaintiff further states that the acts of defendant in taking possession of said property was unlawful, wrongful, intentional, malicious and wilful. He therefore prays judgment for punitive damages in the sum of $1000. By reason of all which he asks judgment against the defendant in the sum of $2000.''

Interpreting the petition as liberally for plaintiff as its language will allow, we understand it to charge two items of special damage, one of loss of rental value of the premises in the sum of $300 per month, and the other for money laid out in preparing the grounds for the games, in the sum of $200; the whole amounting to $1000 actual damages. The petition does not allege profits as an item of special damages; in addition to the rental value. As we understand it, the pleader mentions profits merely as a reason why the rental value was the sum stated. Other allegations of the petition show that by reason of his being ousted by defendant, plaintiff lost the remaining period of the lease, which was about three months. The loss

of this account was therefore $900. If we are to add loss of profits, in the same amount, in addition to this sum, we have a loss of $1800 stated; and if we add to this the other item of $200 for expense in preparing the ground, we have a total of $2000 for actual damages, whereas, as shown by instructions asked by him, plaintiff only claimed $1000 as the total sum which he could recover under the allegations of the petition. It seems there was no evidence offered to show what the rental value was and plaintiff is standing upon the claim that he has charged a loss of profits and that the evidence in his behalf supports the latter allegation. It would be far better for the petition to be drawn in such plain way as not to leave room for discussion between counsel as to what it means. If loss of profits is too be relied upon as an item of actual damage, it should be so alleged in specific terms with the amount thereof, and not left to inference. If the total of actual damages claimed is to be the sum of the specific items alleged, set it down in that way so that there can be no dispute about it; and if it is intended to ask a sum for general damages in addition to those specified, let that appear to be the intention on the face of the paper.

But we are satisfied that under no meaning of the petition, in connection with the evidence offered, can the third instruction for plaintiff be upheld. It reads that: "If the jury find a verdict for the plaintiff in this case, they will find him such actual damages as they shall believe from the evidence he has sustained not to exceed the sum of $1000, and if the jury shall further believe from the testimony that the defendant by his agents, servants and employees, willfully, wantonly, maliciously or in reckless disregard of plaintiff's rights went upon the said grounds and took possession of the same, they may find such further sum by way of exemplary damages as they shall believe from

the evidence will be a just punishment to defendant, not to exceed the sum of $1000.''

It will be observed that there is no reference to the special damages stated in the petition and upon which evidence was heard. An instruction directing a verdict should limit the amount of such verdict by the sum claimed, especially when there are different sums which make up an aggregate amount. This is made apparent by reference to an illegal result which may have come about by reason of the instruction under review. There was evidence tending to show that a part of plaintiff's special damage consisted of expense in preparing the ground, which, as we have said, was alleged to be $200; and there is nothing in the instruction to prevent the jury from allowing more than that sum for that item. The same may be said of the item of $300 per month for rental value; or loss of profits, if the latter was intended as a separate item.

Plaintiff suggests that defendant should have offered an instruction fixing such limit. It is true, as understood by the practice in this state, if an instruction is correct in its general scope and particularity is desired by the opposite party and he fails to ask for it by an instruction of his own, he cannot complain. [Browning v. Ry. Co., 124 Mo. 55, 71.] That rule, in its application to damage cases, refers to instances in which one stated sum is asked for damages, as, for instance, if one should sue for personal injury and charge that, besides the injury, he was put to certain expense, etc., without stating in what amount, and ask for one round sum in damages, as was done in Flaherty v. St. Louis Transit Co., 207 Mo. 318, it would not be improper, of course, to place the one sum asked as the limit of the verdict; and if the defendant wanted particularity, he could ask that the jury be directed that in estimating the damages they should not allow

for such expense more than the sum shown in evidence, naming it if definitely shown.

But we have not such a case as that. Here the instruction is not correct in its general scope. It permits the jury to allow more for items of actual damages than was claimed. It falls under the terms of the decision in Smoot v. Kansas City, 194 Mo. 513, approved in the Flaherty case just cited. In the Smoot case the plaintiff specified the amount of his damages from loss of time, and for physicians care, etc., and then, tacking these onto the damages for his injury, asked one lump sum for all. The court held it to be improper to couch an instruction in such terms as took off the limit on these specific items as it was made in the petition.

We cannot say whether, in another trial, there will be evidence of malice so as to justify the submission of the case on the theory of exemplary damages. But before a verdict can include that character of damage the act of trespass must have been malicious; and to be malicious, it must not only have been wrongful and intentionally committed, but it must have been known to be wrongful. [Trauerman v. Lippincott, 39 Mo. App. 478; Leavell v. Leavell, 122 Mo. App. 654, 658.]

It is perhaps well enough to add, by way of caution, that in what we have written we have not undertaken to state, or to intimate, whether loss of profits, or the actual rental value of the premises, or both, would be the proper measure of one part of the damage alleged to have been done the plaintiff. It is necessary, however, as already stated, for the petition, the evidence and the instructions, to make clear just what plaintiff seeks, to the end that confusion may be avoided and definite results had.

The judgment will be reversed and the cause ermanded. All concur.