## WILLIAM BEAN, Respondent, v. HOMER BRANSON, Appellant.*

### In the Springfield Court of Appeals, December 16, 1924.

1. **ANIMALS: Showing of Intentional Killing of Dog Makes Prima-facie Case Under Statutes.** Under section 4249, Revised Statutes 1919, providing double damages for maliciously or wantonly damaging or destroying personal property of another, mere showing of intentional killing of dog makes prima-facie showing of legal malice, and defendant's demurrer to evidence on ground that actual malice must be shown was properly overruled.

2. ———: **"Malice" in Killing of Animal Defined.** "Malice" on part of one killing another's dog in violation of section 4249, Revised Statutes 1919, means intentional doing of wrongful act without just cause or excuse.

3. ———: **Honest Belief That Dog Killed or Chased Sheep Relieves from Liability for Double Damages, Though Belief not Founded on Reasonable Grounds.** Under section 4352, Revised Statutes 1919, if defendant in killing plaintiff's dog acts in good faith upon actual belief that dog had been killing or chasing sheep, he is not liable for double damages under section 4249, though his belief did not rest on reasonable grounds.

4. ———: **Instruction Properly Refused as Implying Plaintiff Must Show Defendant Knew Shooting was Wrongful.** In action for double damages for killing dog, instruction to find for defendant, unless jury found and believed that defendant intentionally shot dog knowing shooting was wrongful, was properly refused as implying that burden was on plaintiff to show defendant knew shooting was wrongful.

---

*Headnotes 1. Animals, 3 C. J., p. 162, Section 531 (Anno); 2. Animals, 3 C. J., p. 153, Section 490 (Anno); 3. Animals, 3 C. J., p. 157, Section 498; 4. Animals, 3 C. J., p. 161, Section 523.

Appeal from Circuit Court of Crawford County.—*Hon. W. E. Barton,* Judge.

REVERSED AND REMANDED.

*A. H. Harrison* and *Harry Clymer,* both of Steelville, for appellant.

(1) The peremptory instruction requested by the defendant at the close of all testimony should have been given. It was necessary that there be some evidence showing the act of the defendant was wanton or malicious, before plaintiff was entitled to go to the jury. There was no evidence tending to show any intentional wrongful act done without just cause or excuse, or any willful disregard of the rights of others, and the jury should have been instructed to return a verdict for defendant. Sec. 4249, R. S. 1919; Cookman v. Nill, 81 Mo. App. 297. It cannot be said there was any evidence of spite or ill will; in fact, the testimony is conclusive that plaintiff and defendant were, and always had been, on friendly terms, and that defendant did not know whose dog it was that he shot, and his act in shooting the dog, under the circumstances, could not have been a malicious one. Neither can it be said his act was one of wantonness, because to wantonly do an act is to consciously do it, under circumstances that an ordinarily intelligent person would be conscious of the wrongful nature of the act, and with that knowledge, would do it without reason or excuse, in utter disregard of the rights of others. Alley v. Sample, 194 S. W. 513; Morris v. Mattingly, 204 Mo. App. 669, 218 S. W. 923. Defendant was justified under the law, irrespective of the statute pleaded as a defense, in killing the dog, and his act in doing so was neither malicious nor wanton. Carpenter v. Lippett, 77 Mo. 242; Fisher v. Badger, 95 Mo. App. 289; Ornburn v. Haley, 225 S. W. 114. (2) Instruction number 1 given for the plaintiff was erroneous. It stated a mere ab-

stract proposition and entirely ignored the defense pleaded in the answer and supported by the testimony. In addition, it gave the jury no guide by which they were to determine whether defendant's act in shooting and killing the dog was wanton or malicious. Brisco et al. v. Laughlin, 161 Mo. App. 76. Instruction number 3 given for the plaintiff should not have been given. This instruction took all the life out of the law, which outlawed sheep killing dogs, or those discovered under such circumstances as to satisfactorily show had recently been engaged in killing or chasing sheep, and deprived the defendant of the rights given him by those statutes. Under the law the defendant had the lawful right to kill the dog when he was discovered on his premises under such circumstances as to satisfactorily show defendant that such dog had been recently engaged in either killing or chasing his sheep. Sec. 4352, R. S. 1919. Defendant had the right to act upon appearances as they existed at the time, and if he did so act in good faith, believing that the dog he shot had been killing or chasing his sheep, he was justified under the statute. The instruction told the jury to pass on defendant's act in the light of all the facts and circumstances in evidence, much of which defendant could not, and did not have any knowledge of until the trial of the case. In other words, the jury was instructed to measure defendant's acts, not by facts as they existed at the time such acts were done, and as the facts appeared to the defendant at the time, but by future developments. The court erred in refusing to give instructions numbers A and B requested by the defendant. Instruction A told the jury, in substance, that if at the time the dog was killed, it was on defendant's premises, and the circumstances were such as to satisfactorily lead defendant to believe such dog had been recently engaged in chasing or killing defendant's sheep, and if defendant had reasonable cause to, and did so believe, then he had the lawful right to kill the dog. Instruction B told the jury that even though they might find the dog

killed had not been recently killing or chasing sheep, yet if the jury found that some dog had recently killed or chased defendant's sheep, and that the dog killed was on defendant's premises where the sheep had recently been kept, and was acting under such suspicious circumstances as to reasonably lead defendant to believe that it was the dog that had been killing or chasing the sheep, and that defendant did so believe in good faith, then he had the right to kill the dog. Both of these instructions unquestionably correctly stated the law applicable to this case. Sec. 4352, R. S. 1919; Reed v. Goldneck, 112 Mo. App. 310; Ewalt v. Garnett, 180 Mo. App. 614, 163 S. W. 943; Lale v. Laughlin, 203 S. W. 244. Instruction C requested by the defendant should have been given. If defendant killed the dog in good faith, believing that it had recently been engaged in killing or chasing his sheep then his act was not a malicious or wanton act. To make an act malicious or wanton, it must not only be a wrongful act, but defendant must have known it was wrong when he did it. Trauerman v. Lippincott, 39 Mo. App. 488; Davis v. Railroad, 192 Mo. App. 427. It was error to refuse Instruction D requested by the defendant. Unless defendant knew his act in shooting the dog was a wrongful act, it was not a malicious or wanton act, and he was not liable under the statute upon which this suit was based and upon which plaintiff claimed his right to recover. Davis v. Railroad, 192 Mo. App. 427; Dunham v. Miller, Admr., 154 Mo. App. 320; Leavell v. Leavell, 122 Mo. App. 658.

*Frank H. Farris,* of Rolla, and *E. E. Roberts,* of Steelville, for respondents.

(1) Appellant complains that the peremptory instruction at the close of the testimony should have been given; that the evidence failed to show that the act of the defendant was wanton or malicious, and that the evidence did not tend to show any intentional, wrongful act

done by the defendant.    The statute under which this
suit was brought says, "If any person shall maliciously
or wantonly destroy live stock,"    Revised Statutes 1919,
sec. 4249.    The case of Cookman v. Nill, 81 Mo. App.
297, cited by appellant, is not authority.    It is in no way
a case similar to the one at bar.    It presents an entirely
different condition and state of affairs.    (2)    The charge
against appellant was that he maliciously or wantonly
killed the dog of the plaintiff.    Malice is defined to be
a wrongful act, done intentionally, without just cause or
excuse.    Thus, if I maim cattle without knowing whose
they are, if I poison a fishery without knowing the owner,
I do it of malice, because it is a wrongful act, and done
intentionally.    18 R. C. L. 3.    (3)    We give appellant's
pleadings the most liberal construction when we say he
undertook to justify and excuse his act upon two grounds:
First:    His common-law right to kill the dog.    Second:
His statutory right, as provided by sec. 4352, R. S. 1919.
Under the rule of the common law, one was not justified
in killing a dog, even though it was on his premises, un-
less the dog was actually doing injury or attempting in-
jury to his property, or to his person, or is a mad dog,
or where the killing is done in the protection of himself,
family or property, etc.    And the danger from the dog
must have been so apparent as to threaten imminent
peril.    Ornburn v. Haley, 225 S. W. 115; Reed v. Gold-
neck, 112 Mo. App. 313; Fisher v. Badger, 95 Mo. App.
294.    Our statute now, and under which this case must
be determined, not only is declaratory of the common
law, but has made additions thereto, in that a person
is now justified in killing a dog when he is able to show
to the reasonable satisfaction of the jury, by facts and
circumstances surrounding the killing, that the dog had
recently been engaged in killing or chasing sheep or other
domestic animals, but a person who kills a dog under the
suspicious circumstances mentioned, does so at the risk
of paying the owner the value of the dog, or of satisfying
the court or jury as the case may be, that he was out-

lawed under the second clause of the statute. Reed v. Goldneck, 112 Mo. App. 314. Thus, it has been said that dogs are property, and no one may lawfully kill a dog belonging to another, though found on the slayer's premises, except for just cause. But one may kill a dog anywhere except in the owner's enclosure, if discovered in the act of killing, wounding or chasing sheep, or under such circumstances as to satisfactorily show that he had been recently engaged in killing or chasing sheep or other domestic animals. And in an action for shooting plaintiff's dog while on defendant's premises, where the dog was lawfully chasing a fox (or otherwise innocently engaged), whether he was or had just prior to the shooting, been chasing defendant's sheep, is a question for the jury. Rudicile v. Barr, 172 S. W. 430; Evalt v. Garnett, 163 S. W. 943. To justify the killing of the dog, there must have been evidence that the dog was at the time of the killing, chasing defendant's sheep or other domestic animals, or under such circumstances as to satis- factorily show that such dog had been recently engaged in killing or chasing sheep or other domestic animals, and these are questions for the jury to determine under all of the evidence. Lale v. Laughlin, 203 S. W. 244. Appellant's strongest contention, however, is lack of malice, or of wantonness in the act of the defendant; and that the court did not go far enough in its instructions upon the question of malice. The court gave the common and accepted definition of malice, and also the common and ordinarily accepted definition of wantonness. Appellant complains of plaintiff's Instruction No. 3, and says that the question as to whether or not the defendant was justified in killing the dog was a matter of his own solution. An examination of the authorities hereinbe- fore recited reveals the fact that the right to kill a dog under the common law was based upon the right of self- defense, either of the person or of the person's property. Our statute by recent amendment has added to the com- mon-law right, a further right to kill a dog, under such

circumstances as to satisfactorily show that the dog had recently been engaged in killing or chasing sheep or other domestic animals, etc. The rule is universal that he who pleads self-defense must show not only that he did believe facts which in law would justify his conduct, but that he had reasonable cause to so believe, and whether or not he had reasonable cause to believe and did so believe, are always questions for the jury. This rule is too universal and too well known to cite authorities; and this rule was undertaken to be, and was written, we think, in Instruction No. 3. It told the jury that the defendant, even though he killed the dog in good faith, believing that he was killing a dog that had recently been engaged in killing or chasing sheep, yet he could not be justified unless he had reasonable cause to that belief, and did so believe, and as to whether or not he did so believe and had reasonable cause to so believe, was a question for the jury to determine from all the facts and circumstances in evidence.

COX, P. J.—Action under section 4249, Revised Statutes 1919, for double damages for the value of a dog belonging to respondent which was killed by appellant. Trial by jury resulting in a verdict by nine jurors in plaintiff's favor and damages assessed at $1. From the judgment rendered thereon the defendant appealed.

The statute under which this action was brought provides: "If any person shall maliciously or wantonly damage or destroy any personal property, goods, chattels, furniture or live stock the person so offending shall pay to the party injured double the value of the thing so damaged or destroyed . . . " The petition alleged that defendant had maliciously and wantonly killed a hound dog belonging to plaintiff of the value of $100, and prayed judgment for double value. The answer contained a general denial and further alleged that defendant was justified under section 4352, Revised Statutes

1919, in killing the said dog. Said section 4352, Revised Statutes 1919, provides: "If any person shall discover any dog or dogs in the act of killing, wounding or chasing sheep in any portion of this State or shall discover any dog or dogs under such circumstances as to satisfactorily show that such dog or dogs has or have been recently engaged in killing or chasing sheep or other domestic animal or animals, such person is authorized to immediately pursue and kill such dog or dogs: Provided however, that such dog or dogs shall not be killed in any enclosure belonging to or being in lawful possession of the owner of such dog or dogs."

Defendant shot and killed a dog on his own premises after night. The evidence for plaintiff showed that plaintiff was the owner of the dog. There was no evidence of actual malice or wantonness. Plaintiff rested his case on mere proof that he was the owner of the dog and that defendant intentionally killed it. Appellant demurred to plaintiff's testimony and insists that his demurrer should have been sustained for the reason that, as he contends, the burden was on plaintiff to show that the killing of the dog was either malicious or wanton and that proof of an intentional killing, standing alone, does not show either malice or wantonness. As to proof of wantonness we think appellant's position is right, but in the trial, no distinction was made as to the meaning of the terms maliciously and wantonly further than to define these terms and that was done at defendant's request. We shall, therefore, consider the demurrer to the evidence solely on the question of malice.

At the request of defendant an instruction was given defining the term malice as follows: "the term 'maliciously' as used in these instructions means the intentional doing of a wrongful act without just cause or excuse." That is a correct definition of the legal meaning of the term malice. Now as to the proof. As stated, all that plaintiff proved was that defendant intentionally killed plaintiff's dog. In our judgment this made a prima-

facie showing of legal malice. As we understand the law, all intentional destruction of the property of another is prima facie wrongful and it is never incumbent on the plaintiff, even under the double damage act, to go farther and show express malice or ill will or that defendant knew he had no legal right to destroy the property. When an intentional destruction of the property is shown, the law implies legal malice and if there was any justification or excuse for the act, or if it was not malicious as that term is to be applied to the particular case under investigation, the burden is on defendant to make that showing. We think the demurrer to the evidence was properly overruled.

Defendant's evidence was of such a character as to have warranted a finding that he believed and had good reason to believe at the time he shot the dog that it had recently been killing or chasing his sheep.

We now go to the instructions. In the general instruction for plaintiff the court instructed the jury that if defendant maliciously or wantonly killed plaintiff's dog, they should find for plaintiff. As already suggested, we do not think there was any evidence of wantonness as distinguished from malice and that term should have been omitted from the instructions but as that fact was not called to the attention of the trial court, we shall not further discuss it here.

For defendant, the court instructed the jury that if, when defendant shot the dog, he had good reason to believe and did believe that the dog had recently been engaged in killing or chasing defendant's sheep, then he had the right to kill it even though as a matter of fact the dog had not killed or chased defendant's sheep. In a general way, these instruction for plaintiff and defendant correctly declared the law.

The real contention in this case hinges upon the following instructions. For plaintiff, the jury were told that although they might believe that defendant shot the dog in good faith believing at the time that the dog had

been recently engaged in killing or chasing his sheep, yet this was not sufficient to justify the killing of the dog but to justify such killing the defendant must have had good reason to believe that the dog had recently been engaged in killing or chasing his sheep. This meant, of course, that an honest belief on part of defendant that the dog he killed had recently killed or chased his sheep would not relieve him from liability in this action unless that belief was founded upon reasonable grounds.

The defendant asked and the court refused the following instruction: "The court instructs the jury that if you find and believe from the evidence that the defendant shot and killed said dog in good faith believing at the time that said dog had been recently engaged in killing or chasing his sheep, then the act of shooting and killing said dog would not be a malicious or wanton act and their verdict must be for defendant."

The evidence on part of defendant showed that he in fact believed that the dog he shot had been recently killing or chasing his sheep and the instruction asked by him and refused by the court told the jury that if he did act in good faith and actually believed that the dog had been recently killing or chasing his sheep, then he was not liable in this action even though the jury should find that he had not formed his belief upon reasonable grounds. This was equivalent to saying that if he acted from an honest motive and actually believed that the dog had been guilty of some act which would justify its killing, then he was not liable in this action. The statute under which this action is brought is penal in its nature and requires the assessment of double damages. Doubling the damages is to that exent a punishment inflicted upon the wrongdoer and to our mind the same rule should apply in a suit under this statute as is applied when punitive damages are sought to be recovered.

To authorize the assessment of punitive damages, which is done to punish the wrongdoer, the party charged

must know when he commits the act that his act is wrongful. [Trauerman v. Lippincott, 39 Mo. App. 478, 488; Leavell v. Leavell, 122 Mo. App. 654, 99 S. W. 460; Dunham v. Miller, Adm'r, 154 Mo. App. 314, 320, 133 S. W. 675; McNamara v. St. Louis Transit Co., 182 Mo. 676, 683, 81 S. W. 880; Custer v. Kroeger, 209 Mo. App. 450, 458; 240 S. W. 241; Lampert v. Judge & Dolph Drug Co., 238 Mo. 409, 419, 141 S. W. 1095; Reel v. Consolidated Inv. Co., 236 S. W. 43, 46.]

The cases just cited held that the usual definition of malice, to-wit, the intentional doing of a wrongful act without just cause or excuse means that the party charged had conscious knowledge when committing the act that it was wrongful. The general instructions given for plaintiff and the one for defendant defining malice covered the case in a general way and had no others been asked by defendant would have presented the case to the jury with sufficient clearness. It is also clear to us that the same cases hold that to warrant the assessment of a punishment against a party either as punitive damages or by doubling the actual damages, the element of a conscious wrong doing or such recklessness that a conscious wrong doing is necessarily implied must be present—not that he must know that his act is promoted by actual malice or ill-will but he must at least know that injury to some one is likely to result from his act. That being true, the instruction given on part of plaintiff that good faith and actual belief in the existence of facts which, if true, would justify the act, was no defense was erroneous and the one asked by defendant above set out which told the jury that good faith and actual belief that the dog had recently killed or chased defendant's sheep, should have been given. We think good faith and honest purpose, if shown, refutes the inference of intentional wrong implied from the intentional commission of the act and defendant had the right to have that issue presented to the jury. We do not mean to say that such proof would show no liability for

actual damages on the part of defendant but this is not a suit for actual damages and we will not pass on the question whether good faith and honest belief in the existence of facts which, if true, would justify the act could be shown as a defense to a claim for single damages but we do think that it may be shown to defeat a recovery under this statute which is penal in its nature and the wrong therein described is, under the authorities above cited, a conscious commission of a wrongful act.

The defendant asked and the court refused the following instruction: "The court instructs the jury that unless you believe and find from the evidence that defendant intentionally shot the dog of plaintiff knowing at the time that the shooting of the dog was wrongful, you will find the issues for the defendant. This instruction was properly refused because its language implies that the burden of proof was on plaintiff to show that defendant knew that his act was wrongful. As we have already said the proof of the intentional shooting of the dog placed on defendant the burden of showing that his act was not intentionally wrongful.

For the error noted the judgment will be reversed and the cause remanded. *Farrington* and *Bradley, JJ.,* concur.