[Civ. No. 7025. First Appellate District, Division Two.—December 7, 1929.]

JORGEN SONSTELIE, Respondent, v. LUCILLE BUSH, Appellant.

J. Hampton Hoge for Appellant.

Ford & Johnson for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover a judgment for injuries suffered in an automobile collision. The defendant answered and a trial was had

before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiff and from a judgment entered thereon the defendant has appealed.

The trial was held on October 4 and 5, 1928. Having obtained an order shortening time, counsel for defendant served and filed, on October 3, 1928, a notice of motion for a continuance. The motion was heard the morning of the trial. It was denied and the defendant claims that the trial court erred in denying her motion. She cites and relies on the doctrine stated in such cases as *Jaffe* v. *Lilienthal,* 101 Cal. 175 [35 Pac. 636] ; *Morehouse* v. *Morehouse,* 136 Cal. 332 [68 Pac. 976] ; *Betts Spring Co.* v. *Jardine M. Co.,* 23 Cal. App. 705 [139 Pac. 657] ; *Swayne & Hoyt* v. *Wells-Russell & Co.,* 169 Cal. 204 [146 Pac. 686] ; *Pacific Gas etc. Co.* v. *Taylor,* 52 Cal. App. 307 [198 Pac. 651] ; *Estate of Stevens,* 57 Cal. App. 160 [206 Pac. 668]. She also lays stress on the fact that her motion was made under section 594 and not section 595 of the Code of Civil Procedure. We have carefully examined all of her authorities. As each case ordinarily is different in its facts it is not surprising that no one of the authorities is directly in point. It is not even claimed that because the defendant, a party, was absent it was *ipso facto* necessary that the continuance be granted. (*Mission Film Corp.* v. *Chadwick Pictures Corp.,* 207 Cal. 386 [278 Pac. 855].) Other facts must necessarily be taken into consideration. Before the date of the trial the plaintiff had taken the deposition of the defendant. On the trial the plaintiff read that deposition. In her deposition the defendant testified to facts showing that as she remembered the circumstances she was not guilty of negligence and that the plaintiff was guilty of contributory negligence; that she was greatly excited by reason of the accident; that it was her first accident; that she did not inquire the names of the bystanders; that she took the plaintiff to the hospital; and that one of the bystanders accompanied her, but she did not know his name. From the facts contained in the record it appears affirmatively that if the defendant had been present at the trial she could not have been of any assistance to her counsel in furnishing the names of any witnesses, and, furthermore, that she could not have done more than to repeat the testimony that

she had already given in her deposition. After an examination of the entire cause, including the evidence, this court is unable to say that the ruling complained of has resulted in a miscarriage of justice.

The defendant asserts there is no evidence of negligence on the part of the defendant. There is some conflict in the testimony as to the exact spot where the accident occurred; however, it was in, or within a very few feet of, the intersection of Thirtieth Street and Grove Street in the city of Oakland. There was evidence to the effect that immediately prior to the collision the defendant was driving forty miles an hour. It was certainly a question for the jury to determine how fast she was driving at the exact time of the impact.

As just stated, it was a close question as to whether the collision occurred within the intersection of Thirtieth and Grove Streets or a little before. The trial court gave an instruction covering section 125, subdivision c, of the Motor Vehicle Act (Stats. 1923, p. 557). It may not be said that the instruction was inapplicable to the evidence.

The trial court gave an instruction regarding the duty to drive on the right-hand side of the highway. The defendant assigns it as error. From the evidence introduced it is clear that at one point there was a parked automobile which rendered it impossible for the defendant to drive on the extreme right. At other points there was no such difficulty. No facts are quoted showing that the instruction complained of was not pertinent to the case as made by the plaintiff.

The trial court gave an instruction regarding the element of damage which the plaintiff could possibly claim and the instruction terminated with the statement that the damages could not be "in excess of the amount prayed for in his complaint, to-wit, the sum of $30,480." In his complaint the plaintiff had asked for damages covering certain specific items and also for general damages. The defendant complains because the trial court did not instruct the jury that each claim for specific damage must be limited to the amount alleged and that the general damage must be limited to the amount alleged as general damage. She did not ask for such an instruction, but she cites and relies

on two cases from Missouri and one from Texas. (*Houston Electric Co.* v. *Green*, 48 Tex. Civ. App. 242 [106 S. W. 463] ; *Shinn* v. *United Rys. Co.*, 146 Mo. App. 718 [125 S. W. 782] ; *Dunham* v. *Miller*, 154 Mo. App. 314 [133 S. W. 675].) Conceding that those cases support the argument of counsel, it is clear that they are not followed at home nor abroad at the present time. (*Missouri O. & G. Ry. Co.* v. *Collins*, 47 Okl. 761 [150 Pac. 142, 147, 148].)

■ It is asserted the plaintiff was guilty of contributory negligence as a matter of law. If we examine the record that claim may not be sustained. The plaintiff called as a witness H. A. Breasing. Among other things that witness testified that he stood watching the plaintiff; that the plaintiff approached the edge of the sidewalk and, looking into the street, stepped down and stepped back two or three times, and that later, turning his head to the right and then to the left, the plaintiff attempted to cross the street. If the jury believed his testimony they were entitled to act thereon and the question of contributory negligence was not merely a question of law.

■ When the witness Breasing was on the stand he was asked how fast the defendant was driving her automobile. He replied he did not know but he had an opinion. Other questions were asked regarding what that opinion was based on. He answered each of those questions and then was asked what the speed was. The court did not err in allowing him to answer the latter question.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.