## HARRISON v. DONNELLY.

### No. 13175.

Circuit Court of Appeals, Eighth Circuit.

Feb. 19, 1946.

Lee Davis, of Kansas City, Mo., for appellant.

Tyree G. Newbill, of Kansas City, Mo. (W. Arnold Brannock, Arthur C. Popham, and Sam Mandell, all of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

On March 8, 1943, Alberta Mellon obtained a judgment by default in the Circuit Court of Jackson County, Missouri, against John G. Alvers and Jefferson S. Harrison. The judgment was for $10,000 actual damages and $5,000 punitive damages. Thereafter, on May 20, 1943, Harrison filed a petition in bankruptcy in the district court and on the same day was duly adjudicated a bankrupt. He listed the judgment against him as an unsecured debt. June 5, 1945, was fixed by the referee as the last day for filing objections to the discharge of the bankrupt. In the meantime, on November 24, 1944, Alberta Mellon died, and Eugene P. Donnelly, the administrator of her estate, filed specifications of objections to the discharge on the ground that the judgment against the bankrupt is not dischargeable for the reason that the damages awarded were "for willful and malicious injuries to the person of Alberta Mellon."

At the conclusion of the hearing the referee entered a general order discharging the bankrupt from all debts provable in bankruptcy, except such debts as are excepted from the operation of a discharge under the Act, "and except the debt or claim of Eugene P. Donnelly, Administrator of the Estate of Alberta Mellon, deceased, in the sum of $5,000.00 based on" said judgment for punitive damages.

Upon petition to review the court adopted the findings and conclusions of the referee and confirmed the order. The bankrupt appeals from that part of the order excepting from discharge the debt of $5,000 evidenced by the judgment for punitive damages.

Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, provides that after hearing objections to the application for discharge the applicant shall be discharged unless he has committed one or more of six enumerated acts none of which is included in the specifications of objections in the instant case. Section 17, 11 U.S.C.A. § 35, defines "debts not affected by a discharge." This section provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except six named classes, the second of which is for "liabilities * * * for willful and malicious injuries to the person or property of another." The objecting creditor contends that this provision of the statute sustains the order excepting from discharge the judgment debt for punitive damages for personal injuries.

It is well settled that the right to a discharge under § 14 of the Act and the effect of a discharge are entirely distinct matters. 7 Remington on Bankruptcy, 5th Ed., § 3437; Friend v. Talcott, 248 U.S. 27, 33 S.Ct. 505, 57 L.Ed. 718. Section 14 authorizes a general discharge while § 17 expressly reserves from the operation of such discharge debts "not affected by a discharge."

Remington on Bankruptcy, supra, § 3439, reads: "The decree of discharge should be general, and should not attempt to limit its own effect by excepting particular debts excepted by statute from the operation of discharge." Formerly the federal courts held that the bankruptcy court could not determine upon a bankrupt's application for a discharge whether the debt due a particular creditor was to be excepted from the operation of the discharge, the only proper issue being the bankrupt's right to a discharge; and that the effect of the discharge, if granted, upon a particular claim is to be determined when the discharge is pleaded or relied upon as a defense to the enforcement of such claim. In re Thomas, D.C.Iowa, 92 F. 912; In re Rhutassel, D.C. Iowa, 96 F. 597; In re Havens, 2 Cir., 272 F. 975. However, since the decision of the Supreme Court in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230,

93 A.L.R. 195, the jurisdiction of a bankruptcy court to limit the effect of its own order of discharge is no longer questioned. But the court is not bound to exercise such jurisdiction and does not do so under usual circumstances. In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416; In re Barber, 3 Cir., 140 F.2d 727; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1. Such power should be exercised by the court only when a failure to act will result in embarrassment to the bankrupt or the creditor. The approved practice at present, unless such result is shown to exist, is to enter a general order of discharge and permit the bankrupt to plead his discharge as a defense in the state or other court where the creditor seeks to enforce his claim. The court having jurisdiction of the subject matter of the claim and of the parties is competent to determine whether the debt is affected by the discharge in bankruptcy or whether the claim is excluded under any of the provisions of § 17, 11 U.S.C.A. § 35. Greenfield v. Tuccillo, 2 Cir., 129 F.2d 854; In re Byrne, 2 Cir., 296 F. 98; In re Anthony, D.C.Ill., 42 F.Supp. 312; In re Grover, D.C.Minn., 63 F.Supp. 644.

■ When a court of bankruptcy elects to exercise its equitable jurisdiction (as was done in this case) to determine the dischargeability of a particular debt which had been reduced to judgment prior to the adjudication in bankruptcy, the nature and character of the debt must be determined from the record of the proceedings in the court which entered the judgment. In re Adler, 2 Cir., 152 F. 422; Peters, Sheriff, v. United States ex rel. Kelley, 7 Cir., 177 F. 885; United States ex rel. Weber v. Meyering, Sheriff, 7 Cir., 66 F.2d 347, 349; In re Fuller, D.C.Penn., 18 F.Supp. 394.

In the instant case Alberta Mellon in her petition in the state court of Missouri alleged that at the time defendant's truck crashed into the automobile in which she was riding causing the injuries for which she sought to recover damages the defendants were "unlawfully and negligently" driving and operating said truck on the wrong side of the public highway when they were intoxicated, thus creating a dangerous situation. As a basis for punitive damages she alleged that the actions and conduct of the defendants "were wanton and reckless and were in wanton and reckless disregard of the safety of plaintiff * * * and were a menace to plaintiff. * * *"

Although the judgment was taken by default, the judgment recites that the "cause" was "fully heard" and that the "court finds the issues for the plaintiff and against the defendants", and judgment was entered for $10,000 actual and $5,000 punitive damages.

As the basis for the award of punitive damages the Circuit Court of Missouri adjudged, therefore, that the act of the bankrupt resulting in the injuries to Alberta Mellon's person occurred when the bankrupt was operating his truck on the highway in violation of law while intoxicated and that his conduct under the circumstances alleged was "wanton and reckless." The question for determination accordingly is whether the judgment for punitive damages as construed by Missouri law is conclusive evidence of "willful and malicious injuries to the person" within the meaning of § 17, 11 U.S.C.A. § 35, of the federal statute.

■ The Circuit Court of Missouri had before it the plaintiff's petition and her evidence. In granting recovery for punitive damages the court presumably applied the Missouri law to the allegations of the petition and the evidence. The requisites for recovery of punitive damages have long been settled in Missouri. In State v. Hostetter, 1939, 344 Mo. 386, 126 S.W.2d 1173, 1175, the Supreme Court of Missouri said: "It was early 'firmly established' in this state, by the decisions of this court, that in a civil action for damages for injury resulting to plaintiff from a wrongful act, that is, 'in all actions of tort * * * or for trespass * * *' where the wrongful act was wilful, wanton, oppressive or malicious, exemplary or punitive damages may be recovered against the wrongdoer."

■ In De Salme v. Union Electric Light & Power Co., 232 Mo.App. 245, 102 S.W.2d 779, 783, the St. Louis Court of Appeals said: "As constituting the basis for the allowance of punitive damages * * * a wrongful act * * * must have been done [by the defendant] with a bad motive, or with negligence amounting to positive misconduct, or in a manner evincing wilful disregard of the rights of others. * * * In other words, the defendant's act must have been of a nature to be properly characterized as wanton or malicious, not necessarily the product of spite or ill will towards the plaintiff personally, but intentionally done without just cause or excuse." Citing Lampert v. Judge & Dolph Drug Co., 238 Mo. 409, 141 S.W.

1095, 37 L.R.A.,N.S., 533, Ann.Cas.1913A, 351.

For similar statements of the Missouri law, see Bean v. Branson, 217 Mo.App. 399, 266 S.W. 743, 745; Hall v. St. Louis-San Francisco R. Co., 224 Mo.App. 431, 28 S.W.2d 687, 691; Jones v. West Side Buick Auto Co., 231 Mo.App. 187, 93 S.W. 2d 1083, 1088. In the Jones case the court said that malice means simply "the intentional doing of a wrongful act without just cause or excuse, and not the necessity for the showing of any spite or ill will. * * *" In McKenzie v. Randolph, Mo. App. 257 S.W. 126, 127, punitive damages were awarded where the defendant was driving recklessly on the left of the middle of the road in violation of the rules of the road. Section 7586, R.S.Mo.1919. The court said: "* * * an act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted." Reel v. Consolidated Investment Co., Mo.Sup., 236 S.W. 43, 46; McNamara v. St. Louis Transit Co., 182 Mo. 676, 81 S.W. 880, 882, 66 L.R. A. 486. The latter case is authority for the statement that a defendant does an act intentionally when he knows that it is wrong and that he had no excuse for doing it and hence he did it "willfully and wantonly and in reckless disregard of the rights of the other party."

The Supreme Court of the United States, defining the meaning of § 17, sub. a(2), said: "In order to come within that meaning as a judgment for a willful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. * * * A willful disregard of what one knows to be his duty, an action which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done wilfully and maliciously, so as to come within the exception." Tinker v. Colwell, 193 U.S. 473, 485, 487, 24 S.Ct. 505, 508, 48 L.Ed. 754; McIntyre v. Kavanaugh, 242 U.S. 138, 141, 142, 37 S.Ct. 38, 61 L.Ed. 205.

It seems clear from the foregoing authorities that the judgment for punitive damages against the bankrupt in the Circuit Court of Missouri because of his "wanton and reckless" conduct is conclusive evidence of every element of "willful and malicious" conduct as defined by the Supreme Court in Tinker v. Colwell, supra.

The order appealed from is, therefore, affirmed.