**In the Matter of Wallace A. SMITH, Bankrupt.**

**No. 41027.**

United States District Court
W. D. New York.

Oct. 16, 1956.

Casimer J. Niemel, North Tonawanda, N. Y., for John Woytila, judgment creditor.

Smith & Praker, North Tonawanda, Milton E. Praker, North Tonawanda, N. Y., of counsel, for Wallace A. Smith, Bankrupt.

MORGAN, District Judge.

On May 28, 1956, Wallace A. Smith was adjudicated a bankrupt by this court. One of the debts which the bankrupt seeks to discharge arose out of an automobile accident which occurred on January 16, 1954, when the bankrupt collided with an automobile driven by John Woytila. The bankrupt was subsequently charged with a violation of Section 70, subdivision 5, of the Vehicle and Traffic Law, which charge was disposed of on a plea of public intoxication with a resultant fine of $25 in the North Tonawanda City Court.

Judgment creditor shows that the bankrupt drove his automobile southerly along Carruthers Street. At the intersection of Miller Street, he signaled for a left turn, but instead of making same, continued south past the intersection and on the easterly side of Carruthers Street

struck the automobile of John Woytila, the judgment creditor herein.

Subsequently, on or about February 10, 1954, the bankrupt was served with a summons in the Niagara County Court which he did not answer, either in person or by attorney. The judgment creditor, on February 7, 1955, obtained a judgment against the bankrupt for the sum of $2,630.70.

On May 26, 1955, the judgment creditor placed a garnishee execution against the wages of the bankrupt. Thereafter, the bankrupt obtained a stay of the garnishee execution with an order to show cause why the judgment creditor should not be enjoined permanently.

The judgment creditor's recovery is based on a complaint submitted to this court, which alleges in part as follows: "That the said negligence of the defendant consisted in driving and operating his said automobile at an excessive, illegal and dangerous rate of speed; in failing to keep the said automobile under proper control; in failing to keep to his right side of the road, and in driving and operating the said automobile, while defendant was drunk, and intoxicated, and incompetent and incapable to control the said automobile."

The judgment creditor contends that the accident was caused by the willful and intentional act of driving while intoxicated and on the wrong side of the street, resulting in a head-on crash.

It is the contention of the judgment debtor that the accident was mere negligence, in that it resulted from bankrupt's failure to keep on his right side of the road, colliding with Woytila's car.

The term willful and malicious, as used in the Bankruptcy Act, 11 U.S.C.A. § 35, in question, need not involve actual malice, as we usually think of that term. In fact, actual malice is seldom present in such cases. If an act, wrongful within itself, is done intentionally and in willful disregard of what one knows to be his duty and which does, through necessity, cause an injury to another, it may be said under the act to be done willfully and maliciously. Willful and malicious injury in the Bankruptcy Act does not necessarily involve hatred or ill will as a state of mind, but arises from a wrongful act, done intentionally, without just cause or excuse. In re Greene, 7 Cir., 87 F.2d 951, at page 953, 109 A.L.R. 1188.

In Greenfield v. Tucillo, Sup., 38 N.Y.S. 2d 758, the evidence showed that judgment debtor drove into an intersection against a red light and struck other automobiles and that he was travelling at an excessive speed, paying no attention to his driving, causing death with a subsequent guilty plea to criminal negligence. The Court said at page 760, "The foregoing statement clearly shows the utter disregard that the judgment debtor had for the rights of others using the public highway. As a matter of law the injuries resulted from a deliberate disregard of the known duties of the judgment debtor, and as such is not dischargeable in bankruptcy."

In the above cases, no question of intoxication was indicated. Den Haerynck v. Thompson, 10 Cir., 228 F.2d 72 and Harrison v. Donnelly, 8 Cir., 153 F.2d 588 involved cases where the judgment debtor-bankrupt was intoxicated while operating motor vehicle resulting in personal injuries and subsequent judgments therefor. In Harrison v. Donnelly, supra, the Court in refusing to discharge the judgment said at page 591, "An act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted."

In the instant case, the judgment debtor admits a plea of guilty to public intoxication at the time of the accident. This he tries to explain away as "a favorite device of police officers." No other explanation is made for his default in answering the state court summons and unless otherwise indicated, federal courts will assume the regularity of state courts' procedure.

On the crowded highways and streets of this nation, the operation of a motor vehicle by one who admits he was intoxicated at the time indicates within the reasoning of the above cases such a disregard for the lives and property of others as to prevent discharge of a judgment arising therefrom in a bankruptcy proceeding.

Motion denied. Order may be entered.